RONALD CHRISMAN, C-55019
(Name)
W/O NEAL GOOD DAY CENTER
(Address)
299-17TH ST.
(City, State, Zip)
SAN DIEGO CA 92101
(CDC Inmate No.)

> **FILED**
>
> JUN 0 2 2008
>
> CLERK, U.S. DISTRICT COURT
> SOUTHERN DISTRICT OF CALIFORNIA
> BY _____ DEPUTY

# United States District Court
## Southern District of California

RONALD CHRISMAN
(Enter full name of plaintiff in this action.)

        Plaintiff,

v.

DAVID SMITH,M.D./ M.SHERIDAN,C.C.I.,
M.X. McCURTY,C.O./ D.KOLUDROVIC, SGT.
K.HAWTHORNE,C.M.O./ ESCALANTE,C.O.,
DR. RICHARDS,  / R.N. MARQUEZ,
JOHN/JANE DOES, / C.NAVAMANI,M.D.,  et al.
(Enter full name of each defendant in this action.)
        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'08 CV 0975 IEG LSP

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.  SEE ATTACHED COMPLAINT...DEMAND FOR JURY TRIAL...PAGE 2,¶2

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, _____ RONALD CHRISMAN _____, who presently resides at __ R.J.DONOVAN CORRECTIONAL __
(print Plaintiff's name)    (mailing address or place of confinement)
FACILITY / P.O.BOX 799001 / SAN DIEGO,CA.92179-9001 ___, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at __ R.J. DONOVAN CORRECTIONAL FACILITY _____ on (dates) 09/26/06 , 09/28/06 , and 07/20/07.
    (institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

SEE ATTACHED COMPLAINT... DEMAND FOR JURY TRIAL , PAGE 2 f 2

Defendant _____ resides in _____ ,
                    (name)                      (County of residence)

and is employed as a _____ . This defendant is sued in
                   (defendant's position/title (if any))

his/her □ individual □ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
                    (name)                      (County of residence)

and is employed as a _____ . This defendant is sued in
                   (defendant's position/title (if any))

his/her □ individual □ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
                    (name)                      (County of residence)

and is employed as a _____ . This defendant is sued in
                   (defendant's position/title (if any))

his/her □ individual □ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
                    (name)                      (County of residence)

and is employed as a _____ . This defendant is sued in
                   (defendant's position/title (if any))

his/her □ individual □ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Ronald Chrisman C55019
PO Box 799001
San Diego, CA  92179

April 09, 2007

RE:  Claim G566884 for Ronald Chrisman, C55019

Dear Ronald Chrisman,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on March 30, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the May 17, 2007 hearing. You do not need to appear at this hearing.  The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G566884 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 99 Complex Issue Reject

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated:    SEE ATTACHED COMPLAINT ...DEMAND

FOR JURY TRIAL...

                                                       (E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

<u>Count 2</u>:  The following civil right has been violated:   SEE ATTACHED COMPLAINT....

DEMAND FOR JURY TRIAL....

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

<u>Count 3</u>:  The following civil right has been violated:____SEE ATTACHED COMPLAINT ...

DEMAND FOR JURY TRIAL,.._____
(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

   <u>Supporting Facts</u>:   [Include all facts you consider important to Count 3.  State what happened clearly and in
your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant,
*by name*, did to violate the right alleged in Count 3.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? □ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes □ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.
                                                          SEE ATTACHED LETTER

FROM THE CALIFORNIA BOARD OF CONTROL . . . . . . . . _____

_____

_____

_____

_____

_____

_____

_____

§ 1983 SD Form
(Rev 4/06)

6

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): FROM NOT PROVIDING ME PROMPT , ADEQUATE, MEANINGFUL, AND EFFECTIVE TREATMENT/DIAGNOSIS FOR SERIOUS PAIN AND COMPLAINED OF MEDICAL CONDITIONS.... SEE ATTACHED COMPLAINT PGS. 21-22, PRAYER FOR RELIEF....

      2. Damages in the sum of $ 3,000,000.

      3. Punitive damages in the sum of $ 1,000,000.

      4. Other: See attached Complaint, PRAYER FOR RELIEF, PGS. 21-22

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| | | |
|---|---|---|
| ☐ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

Date _____

Signature of Plaintiff _____

1 | Ronald Chrisman, C55019
(Fac.1-1-116)
2 | P.O. Box 799001
San Diego, CA 92179-9001

3

4 | <u>In Propria Persona</u>

5

6

7 | <u>UNITED STATES DISTRICT COURT</u>

8 | <u>SOUTHERN DISTRICT OF CALIFORNIA</u>

9

10 | Ronald Chrisman                    )    Case No._____
                                       )
11 |         Plaintiff,               )    COMPLAINT UNDER THE CIVIL
                                       )    RIGHTS ACT 42 U.S.C. §1983
12 | V.                                )
DAVID SMITH, M.D.,                    )    **DEMAND FOR JURY TRIAL**
13 | M. SHERIDAN,                      )
M.X. McCURTY,                         )
14 | D. KOLUDROVIC,                    )
K. HAWTHORNE,                         )
15 | C/O ESCALANTE,                    )
DR. RICHARDS,                         )
16 | R.N. Marquez,                     )
John/Jane Does, et al.                )
17 | C. NAVAMANI, M.D.                 )
             Defendants_____)

18

19 |                   GENERAL ALLEGATIONS

20 |     1. This is a complaint for torts and damages for defendants'

21 | deliberate indifference to the serious medical needs of plaintiff

22 | Ronald Chrisman during his confinement at Richard J. Donovan

23 | Correctional Facility (R.J.D.) in San Diego County, California,

24 | for which certain staff members willfully, maliciously,

25 | negligently, and knowingly committed under color of law an

26 | eight (8th) Amendment violations, cruel and unusual punishmnet,

27 | and  14th Amendment violations of the United States Constitution.

28 | These violations are also contrary to and unreasonably done

1.

1 | in violation of United States Supreme Court law , Estelle v.
2 | Gamble, and California Constitution Article I, §7(a), §17, and
3 | §24.

4 |     2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(3)
5 | and 42 U.S.C. §1983, and under 42 U.S.C. §12101 et seq. and
6 | 28 U.S.C. §1331, §1367, and §1391(b)(2).

7 |     3. All of the conduct giving rise to the claims alleged
8 | herein arose in San Diego County, California.

9 |     4. Plaintiff Ronald Chrisman, is and was at all relevant
10 | times mentioned herein an inmate in the custody, control, and
11 | care of Richard J. Donovan Correctional Facility employees.
12 | Plaintiff is an inmate in R.J.D. Correctional Facility from
13 | 9-26-06 to present, and at all times during that incarceration
14 | plaintiff relied on the medical care of providers and employees
15 | of R.J.D. Correctional Facility to provide him with the necessary,
16 | prescribed, and/or reasonable, and/or recommended medical care,
17 | and that care required by law.

18 |     5. Plaintiff is informed and believes, and thereon alleges,
19 | that defendant M. Sheridan, Correctional Counselor I, and  at
20 | all times mentioned herein, was employed by R.J.D. Correctional
21 | Facility as a Correctional Counselor and/or Medical Technical
22 | Assistant of Facility One (1) at R.J.D. If necessary, plaintiff
23 | will amend the complaint ot include any specific time frame and
24 | action/inaction upon dsicovery. Plaintiff is further informed and
25 | believes, and thereon alleges, that defendant M. Sheridan, is
26 | properly trained as a Medical Technical Assistant (M.T.A.) and
27 | Correctional Counselor I, who was responsible for the medical
28 | care of all inmates at R.J.D., this includes but is not limited

1  to, the supervision, direction, and evaluation of inmates who

2  need medical treatment, and assuring that inmates who need

3  medical care are promptly, reasonably, expediently seen by

4  the proper medical staff for diagnosis, pain evaluation, care,

5  and treatment of serious and/or minor medical conditions and/or

6  complaints. At all times mentioned herein defendant M. Sheridan,

7  failed to properly act to provide plaintiff with proper, expedient,

8  necessary, reasonable, referal to medical staff and/or medical

9  care for serious, painful, debilitating, injury suffered by

10  the incident on or about 9-26-06, and/or 9-27-06, and/or 9-28-06

11  to present. At all times mentioned herein defendant M. Sheridan,

12  M.T.A./Correctional Counselor I was acting under color of law,

13  in the course of his/her employment, and is sued in his/her

14  official and individual capacities.

15      6. Plaintiff is informed and believes, and thereon alleges,

16  that defendant M.X. McCurty, Correctional Officer, and at all

17  times mentioned herein  was employed by R.J.D. Correctional

18  Facility,as a Correctional Officer,in San Diego, California.

19  Plaintiff further is informed and believes, and thereon alleges,

20  that defendant M.X. McCurty, Correctional Officer,  acted and/or

21  failed to act, as a Correctional Officer, is responsible for

22  supervising the implementation of, monitoring compliance with,

23  enforcing and/or enforcement of policies and procrdures

24  affecting the medical care of all inmates within R.J.D. Corrections

25  Facility. In this position defendant M.X. McCurty is and has

26  been responsible for assuring that all inmates receive proper,

27  reasonable, necessary, and expedient medical care, and the

28  carrying out of all medical orders by custorial staff, hiself,

3.

1  and others in the line of reasonable performing his fuduciary

2  duty as a Correctional Officer. In this possition, M.X. McCurty

3  is responsible for assuring the reasonable health  and safety

4  of all inmates at R.J.D. Correctional Facility, and at all times

5  mentioned herein, M.X. McCurty, was acting under color of law,

6  in the course and scope of his employment and with malicious

7  deliberate indifference to plaintiffs medical complaints, serious

8  medical need for treatment and care refused to provide plaintiff

9  access to reasonabe, proper, adequate, meaningful, necessary

10  care facilities and staff on or about 9-26-06, 9-27-06, 9-28-06,

11  to present upon plaintiff's reasonable request for medical care.

12  Defendant M.X. McCurty, is herein sued in his official and

13  individual capacities.

14      7. Plaintiff is informed and believes, and thereon alleges,

15  that defendant D. Koludrovic, Correctional Sergeant, and at

16  all times mentioned herein was employed by R.J.D. Correctional

17  Facility, as a Correctional Sergeant, in San Diego, California.

18  Plaintiff further is informed and believes, and thereon alleges,

19  that defendant D. Koludrovic, Correctional Sergeant, acted

20  and/or failed to act, as a Correctional Sergeant, is responsible

21  for supervising the implementation of, monitoring compliance

22  with, enforcing and/or enforcement of policies and procedures

23  affecting the medical care of all inmates within R.J.D.

24  Correctional Facility. In this position defendant D. Koludrovic,

25  Correctional Sergeant, is and has been responsible for assuring

26  that all inmates receive proper, reasonable, necessary, and

27  expendent medical care, and the carrying out of all medical

28  orders by the custodial staff, himself, and others in the line

4.

of reasonably performing his fudiciary duty as a Correctional
Sergeant. In this possition, D. Koludrovic, is responsible
for assureing the reasonable health and safty of all inmates
at R.J.D. Correctional Facility, and at all times mentioned
herein, D. koludrovic, was acting under color of law, in the
course and scope of his employment and with malicious, deliberate
indifference to plaintiff's medical complaints, serious medical
need for treatment and care refused to provide plaintiff access
to reasonable, proper, adequate, meaningful necessary care
facilities and staff on or about 9-26-06, 9-27-06, 9-28-06,
to present upon plaintiff's reasonable request for medical
care. Defeandant D. Koludrovic, is herein sued in his  official
and individual capacities.

   8. Plaintiff is informed and believes, and thereon alleges,
that defendant K. Hawthorne,Chief Medical Officer (CMO), M.D.,
and at all times relevant herein, was employed by R.J.D.
Correctional Facility. in San Diego, California. Plaintiff is
further informed and believes, and thereon alleges, that defendant
K. Hawthorne,CMO, M.D., is properly trained and licensed medical
doctor who was and is responsible for the medical care of all
inmates at R.J.D. Correctional Facility; This included, but
was not limited to, the supervision, direction, and/or proper
training of the medical staff at R.J.D. Correctional Facility
in the delivery of health care services and the management of
health care programs, involvement in the determination of proper
medical care for inmates, including, but not limited to, having
authority to order and approve medical tests, treatments, and
make medical remommendations for custodial care, to be done,

5.

1  having authority to assure that inmates who are transferred
2  to other institutions receive continued proper medical care,
3  having authority and responsibility for assuring the proper
4  ordering, stocking of medical supplies, medications, communication
5  of medical needs to correctional, custody, staff, and medical
6  employees, and generally making sure that proper medical treat-
7  ment, and follow ups, are provided to all inmates. Plaintiff
8  is further informed and believes, and thereon alleges, that
9  defendant CMO is responsible for assuring that R.J.D. Correctional
10 Facility medical staff, and all other medical providers with
11 whom the R.J.D. facility contracts in providing medical care
12 to inmates at R.J.D., provide proper medical care to inmates,
13 and that all such individuals know and understand, and act
14 pursuant to R.J.D. Correctional Facility policy and procedures.
15 Plaintiff believes and is informed, and thereon alleges that
16 the CMO is responsible in some manner for the injuries alleged
17 in  this complaint. At all times mentioned defendant CMO,  K.
18 Hawthorne was acting under color of state law, in the course
19 of his employment, and is sued herein in his/her official and
20 individual capacities.
21      9. Plaintiff is infromed and believes, and thereon alleges,
22 that defendant Escalante, Correctional Officer (C/O), and at
23 all times mentioned herein was imployed by R.J.D. Correctional
24 Facility, as a C/O, in San Diego, Califronia. Plaintiff further
25 is informed and beleives, and thereon alleges, that defendant
26 Escalante, C/O, acted and/or failed to act, as a C/O, who is
27 responsible for supervising the implementation of, monitoring
28 compliance with, enforcing and/or enforcement of policies and

6.

1  procedures affecting the medical care of all inmates within

2  R.J.D. Correctional Facility. In this position defendant, C/O

3  Escalante is and has been responsible for assuring that all

4  inmates receive expedient, reasonable, necessary, and proper

5  medical care, and that of the carrying out of all medical orders

6  by custodial staff, himself, others in the line of reasonablly

7  performing his fuduciary duty as a C/O. In this position, C/O

8  Escalante is responsible for assuring the reasonable health

9  and safety of all inmates at R.J.D., and at all times mentioned

10  herein, he was acting under color of law, in the course and

11  scope of his employment and with malicious, deliberate indiffer-

12  ence to pleaintiff's medical complaints, serious medical needs

13  for treatemnt adn care refused to provide plaintiff access to

14  reasonable, proper, necessary, adequate, and menaingful medical

15  care facilities and/or staff on or about 9-26-06, 9-27-06,

16  9-28-06, and to present upon plaintiff's reasonable requests

17  for medical care and pain treatemnt. Defendant Escalante, C/O,

18  is herein sued in his official and individual capacities.

19    10. Plaintiff is informed and believes, and thereon alleges,

20  that defendant Richards, M.D., and at all times relebant herein,

21  was employed by R.J.D. Correctional Facility as a staff Doctor.

22  Plaintiff is further informed and believes, and thereon alleges,

23  that defendant Richards, M.D., is a properly trained and licensed

24  medical doctor who was responsible for the medical care of all

25  inmates at R.J.D. This included, but was not limited to, the

26  supervision, dircetion, and/or proper training of the medical

27  staff at R.J.D. in the delivery of health care services and

28  the management of health care programs,  involvemnet in the

7.

1 | determination of proper medical care for inmates, including,
2 | but not limited to, having authority to order and approve medical
3 | tests, treatments, and make medical recommendations for custodial
4 | care, to be done, having authority to assure that inmates who
5 | are transferred to other institutions receive continuing proper
6 | medical care, having authority and responsibility for assuring
7 | the proper ordering, stocking of medical supplies, prescribing
8 | of pain medicaltions and other medications, communication of
9 | medical needs to correctional, custody, and other staff and
10 | medical employees, and generally, making sure that proper
11 | medical treatment, and follow ups, are provided to all inmates.
12 | Plaintiff is further informed and believes, and thereon alleges,
13 | that defendant Richards, M.D., is responsible for assuring that
14 | R.J.D. medical staff, and all other medical providers with
15 | whom R.J.D. Correctional Facility contracts in providing medical
16 | care to inmates at R.J.D., provide proper medicla care to the
17 | inmates, and that all such individuals know and unde4rstand,
18 | and act pursuant to R.J.D. policy adn procedures. On or about
19 | 9-26-06, 9-27-06, 9-28-06 to present defendant Richards, M.D.,
20 | acted, and or failed to act, to provide plaintiff with needed
21 | serious medical care and pain treatment for serious injury;
22 | Defendant Richards acted with deliberate indifference and
23 | malisiousness, in refusing to provide proper, necessary, needed
24 | adequate, and meaningtful medical care upon plaintiff's reasonable
25 | requests for medical care. At all times mentioned defendant
26 | Richards, M.D. was acting under color of state law, in the course
27 | of his/her employment, and is sued herein in his/her official
28 | and individual capacities.

8.

11. Defendant Marquez, R.N. is, and at all times relevant herein was employed by the CDCR as a registered nurse at R.J.D. Correctional Facility, in San Diego California. Plaintiff is informed and believes, and thereon alleges, that defendant Marquez, R.N. is a properly trained and licensed registered nurse who is and and has been responsible for the medical care of all inmates at R.J.D., including plaintiff, and either delayed and/or denied plaintiff treatment, prompt medical care at all times mentioned herein; At all times mentioned herein, defendant Marquez, was acting under color of state law, in the course and scope of his/her employment, and is sued in his/her official and individual capacities.

12. Defendants designated as John Doe and Jane Doe, inclusive, consist of any and all defendants later discovered, who are and were currently employed by R.J.D. Correctional facility and are responsible for the medical care of all inmates at R.J.D., including, but not limited to, the supervision, direction, and or proper training of medical and/of custodial staff at R.J.D. in the delivery of health care services and the management of health care programs; involvement in the determination of proper medical care for inmates, including, having authority to promptley seek medical care for needed inmates, having authority to order and approve medical tests and treatments to be done; and assuring the proper communication of inmates medical needs to all staff, custodial and medical, and generally, making sure that proper medical treatment is provided to all inmates. Plaintiff is informed and believes, and alleges, that defendants John/Jane doe were acting under color of law and is sued officially and individually.

9.

12. Plaintiff is informed and believes, and thereon alleges, David Smith, M.D., at all times relevant herein, was employed by Alvarado Hospital, and contracted/employed as a Doctor by the hospital and Richard J. Donovan Correctional Facility. Plaintiff is further informed and believes, and thereon alleges that defendant Dr. David Smith, is properly trained and licensed medical doctor who was responsible for surgery on two occasions on plaintiff's fifth finger, 7-20-07 and 7-31-07, and who was responsible for the medical care of all inmates that come to Alvarado Hospital for certain surgeries and treatment of injuries. This care included, but was not limited to, the supervison, direction, and/or proper training of medical staff under his authority at Alvarado Hospital/R.J.D. Corr. Fac. in the delivery of health care services and the management of health care programs; In volvement in the determination of proper medical care for inmates, including, but not limited to, having authority to order and approve medical tests, treatments, and make medical recommendations for custodial care, to be done; Having authority to assure that inmates who are transferred to other institutions receive continued proper medical care; having authority and responsibility for assuring the proper ordering, stocking of medical supplies, prescribing of pain medications, communication of medical needs to correctional, custody, staff and medical employees, and generally, making sure that proper medical treatm- ment, and follow ups, are provided to all inmates. Plaintiff is informed and believes, and thereon alleges, that defendant David Smith, M.D., is responsibile for assuring that all medical staff, and medical providers with whom R.J.D. Correctional

10.

Facility contracts in providing medical care to inmates at
R.J.D. Corr. Fac., to provide proper medical care to the inmates,
and that all such individuals know and understand, and act purs-
uant to R.J.D. policy. At all times mentioned defendant David
Smith, M.D. was acting under color of State law, in the course
of his employment, and is sued herein in his official and indiv-
idual capacities.

13. Plaintiff is informed and believes, and thereon alleges,
that defendant C. Navamani, M.D., and at all times relevant
herein, was employed by R.J.D. Corr. Fac. as a Doctor. That
on or about 2-22-07 defendant C. Navamani, M.D., with malice,
deliberate indiffenance, to plaintiff's requests for needed
pain treatment and medical care, provided care that amounted
to not care at all, and refused to properly care for plaintiff's
broken finger and broken nose; Leaving plaintiff in excruciating
pain regardless of his pleas for pain relief and treatment;
Plaintiff is informed and believes, and thereon alleges, that
defendant C. Navamani, M.D., is properly trained and licensed
medical doctor who was and is responsible for the medical care
of all inmates at R.J.D. Corr. Fac.. This included, but was
not limited to, the supervision, direction, and/or proper train-
ing of medical staff at R.J.D. in the delivery of health care
services and the management of health care programs; involvement
in the determination of proper medical care for inmates, including
but not limited to, having authority to order and approve medical
tests, treatments, and make medical recommendations for custodial
care, to be done; having authority to assure that inmates who
are transferred to other institutions receive continuing proper

11.

1  medical care, and having authority and responsibility for assuring

2  the proper ordering, stocking of medical supplies, and perscribing

3  of pain and treatment medications, communication of medical

4  needs to correctional, custody, staff and medical employees,

5  and generally, making sure that proper medical treatment, and

6  follow ups, are provided to all inmates. Plaintiff is further

7  informed and believes, and thereon alleges, that defendant

8  C. Navamani, M.D., is responsible for assuring that R.J.D. Corr.

9  Fac. medical staff, and all other medical providers with whom

10  R.J.D. contracts in providing medical care to inmates, provide

11  prompt, proper, medical care to the inmates, and that all such

12  individuals know and understand, and act pursuant to R.J.D.

13  Corr. Fac. policy. At all times mentioned defendant C. Navamani,

14  M.D., was acting under color of State Law, in the course of

15  employment, and is sued herein in his/her official and individual

16  capacities. This defendant is responsibile for failure to properly

17  care for and answer the medical requests of plaintiff ongoing

18  up to  and beyond on or about 7-20-07/7-31-07 to present.

19     14. On September 26, 2006, at approximately 0830 hours, in

20  Building One, R.J.D. Correctional Facility, Plaintiff was violent-

21  ly and viciously attacked from behind, without warning and/or

22  provocation, by inmate Bolton C.D.C.R. # F16958; Inmate Bolton

23  C.D.C.R. #F16958, maliciously and violently committed an assault

24  and battery on plaintiff, causing him serious injuries to his

25  left hand and nose; Specifically, inmate Bolton broke plaintiff's

26  nose and fifth finger, and blackened both of his eyes, leaving

27  plaintiff with serious, painful, and debilitating injuries;

28     15. On September 26, 2006, three Correctional Officers were on

.12.

1  duty; One Correctional Officer (hereinafter C/O) in the Control

2  Tower, and two C/Os on the day-room floor, at the Podium; The

3  C/Os at the Podium were in conversation when the attack on

4  plaintiff was initiated; The C/Os at the Podium soon observed

5  the attack on plaintiff by inmate Bolton and immediately took

6  action to separate the two inmates;

7  16. C/O Ascio, initiated the Alarm and the entire building of

8  inmates was ordered to sit on the floor while numerous Staff

9  arrived. Both Inmates Bolton, and plaintiff Chrisman, were

10  escorted out of the building to Facility Clinic, pursuant to

11  R.J.D. policy;

12  17. Inmate Bolton was taken into the clinic first even though

13  he had no apparent injuries, while plaintiff was left outside the

14  Facility One Clinic, in pain, complaining, until the examination

15  of inmate Bolton was completed.

16  18. On September 26, 2006, plaintiff was taken to see defendant

17  Sheridan, Medical Technical Assistant (hereinafter MTA) for the

18  intitial examination, cursory inspection, and determination of

19  whether or not plaintiff was in need of a medical doctor; The

20  defendant took some cursory notes for the C.D.C. 7219, Medical

21  Report of an injury or unusual occurrence; Plaintiff complained

22  of severe pain in his face and left hand; Specifically, plaintiff

23  told the MTA Sheridan that his left fifth finger is extremely

24  swollen, very painful, and obviously fractured; He also noted to

25  the MTA Sheridan that his nose is caved in on one side, bleeding,

26  lacerated and also fractured and painful; Plaintiff additionally

27  complained about a large knot, bump, swollen, on the backside of

28  his left ear; Plaintiff verbalized his injuries, and severe pain,

13.

1   and need for immediate treatment and pain relief to all that

2   were present, MTA Sheridan, and C/O McCurty; Plaintiff told the

3   defendants that his pain was excruciating; Both defendant's look-

4   ed at each other, kind of chuckled, and said nothing until I said

5   that "MY FINDER AND NOSE ARE BROKEN" and C/O McCurty replied,

6   "It looks like it."

7   19.Defendant Sheridan, MTA, after completing the C.D.C. 7219,

8   said:  "Okay, you can go back now." The plaintiff was shocked and

9   taken aback, and replied: "I NEED MEDICAL ATTENTION;" Pain relief.

10  Defendant Sheridan, MTA, said, with disdain:  "Sign up for sick

11  call" (Note:  Sick Call can take anywhere from one week to two

12  weeks to see a doctor); Plaintiff pleaded with the MTA Sheridan

13  and C/O McCurty, to permit him to see a doctor for treatment and

14  pain releif because he stated:  "I hurt all over, my finger is

15  broken and my nose feels broken also, could you please send me

16  to the infirmary?"

17  20.Defendant Sheridan, MTA, became upset and impatient, and

18  stated: "NO DOCTOR" "GO BACK TO YOUR BUILDING!" Plaintiff was

19  in so much pain he then protested the instruction to return to

20  the building without treatment or seeing a doctor; Plaintiff was

21  experiencing callous disregard for his medical needs, he then

22  protested by refusing to go lock up.

23  21.Defendant McCurty, C/O became angry and told plaintiff:

24  "You're done, NOW GO LOCK UP." Plaintiff was in fear of being

25  dragged off to the HOLE (PHU), so he protested and complained once

26  again and complied with the order of both defendant's Sheridan

27  and McCurty as they were the only two officers on the yard at the

28  time. Plaintiff reluctantly returned to Building One in severe

14.

1  pain and mental distress; Plaintiff was feeling helpless and

2  hurting all over;

3  22. Plaintiff returned to his housing unit, after protest, and

4  once he realized that he would either end up in the Hole or

5  just not get the requested treatment; Plaintiff therefore asked

6  the Floor C/O present, as it was the 10:00 hours Count time,

7  to see the Program Sergeant Koludrovic because he is being left

8  to suffer in severe pain with a broken nose and finger, and

9  lumped up head, without treatemnt; Plaintiff was told tht:

10  "It's Count Time, go lock up." Plaintiff complied; But still

11  complained of being left in severe pain, by this John Doe also;

12  23. Plaintiff was forced to suffer through the entire night

13  without sleep, and without pain releif, and medical attention;

14  Plaintiff called for the C/O John Doe, presently on duty, but

15  was ignored repeatedly; Plaintiff tried to self medicate by

16  taking numerous Ibuprofen tablets that he had, but it gave him

17  no relief for the severe pain he was experiencing from both

18  the broken nose and finger; The Pain lingered and every step

19  he took in pacing the cell seemed to jar the bones, making him

20  hurt more;

21  24. On 9-27-06 plaintiff went directly to the Facility One

22  Clinic to request treatment and pain relief; Plaintiff told

23  C/O Escalante that plaintiff was suffering from a broken nose

24  and finger, but C/O Escalante merely told plaintiff to: "COME

25  BACK TOMORROW." Plaintiff told him that he was in bad pain and

26  did not sleep all night, but was still refused the needed medical

27  treatment that he requested; Plainfiff was denied and/or delayed

28  needed medical treatment for more than two days and nights by

15.

1  defendants, and all of them, on or about September 26, 27, &
2  28, 2006;
3  25. Defendants, and all of them, knew or should have known
4  that Plaintiff Chrisman, was in need of immediate medical care,
5  and they failed to take the reasonable actions to summon that
6  medical care; Plaintiff was repeatedly denied and/or delayed
7  medical treatment for all of his serious injuries suffered on
8  September 26, 2006; Plaintiff has suffered denial/delay of medical
9  care on-going for the above alleged injuries from September
10  26, 2006 through  July  31, 2007, to present;
11  26. On  September 28, 2006, plaintiff returned to the Facility
12  One Clinic, as instructed by C/O Escalante, the previous day;
13  Plaintiff was seen by defendant Richards M.D., at which time
14  plaintiff complained of being left in severe pain for the past
15  two days with what he believed is a broken nose and broken fifth
16  finger on his left hand, and contusions on his face and head
17  that were clearly visable to all;
18  27. Defendant Richards, M.D. refused to act immediately to
19  diagnose, treat, and/or splint plaintiff's finger and nose;
20  Defendant Richards, M.D. refused plaintiff's requested X-ray
21  and M.R.I. of his head (nose), and also refused plaintiff's
22  reasonable requests for pain relief medication; Plaintiff was
23  again left without the needed immediate medical care, regardless
24  of his visit with Doctor Richards, and that this doctor knew
25  and should have known that plaintiff was in need of immediate
26  medical care, and defendant Richards, M.D., failed to take
27  reasonable actions to diagnose, treat, and/or summon appropriate
28  medical care deliberately leaving plaintiff to suffer in pain;

1  And deliberately leaving plaintiff to suffer severe mental

2  distress and anguish; Defendants, and all of them caused, by

3  their actions and/or inactions the infliction of unnecessary

4  pain and suffering on plaintiff;

5      28. Between September 28 2006 and October of 2007, plaintiff

6  submitted numerous requests for treatment for his pain and his

7  psychological suffering due to the delay and denial of adequate,

8  effective, and meaningful, prompt treatment of his medical needs.

9      29. On or about 2-22-07, plaintiff reported to the Facility

10  One Clinic, as he requested prain treatment for his broken nose

11  and finger, and he spoke with Dr. Navamani about his severe

12  pain. Defendant Navamani, M.D. did absolutely nothing meaningful,

13  adequate, and effective to provide medical care for plaintiff

14  and relieve his pain and suffering despite the numerous requests

15  by plaintiff for treatment.

16      30. On or about 4-6-07, Plaintiff again reported to the

17  Doctor Navamani, after numerous delayes, for treatment of his

18  pain and suffering from his broken finger and nose, but again

19  nothing was done to adequately, effectively, and meaningfully

20  relieve plaintiff of pain , nor did the doctor fix/set plaintiff's

21  broken nose and/or finger to prevent future damage, pain, and

22  suffering; Rather, plaintiff was left to suffer in pain, unable

23  to sleep, breath properly, and/or use his hand without severe

24  and excrutiating pain;

25      31. On or about 6-8-07, plaintiff reported to the Facility

26  One Clinic for another doctor's appointment that he requested.

27  Plaintiff was frustrated by this time but still requested prompt

28  treatment of his serious medical need; Plaintiff was suffering

excrutiating pain from his broken nose and finger, yet once
again the staff, defendant's and all of them, were unconcerned
and ordered a treatment plan that was meanigless as plaintiff
remained in excruciating pain as treatment was delayed and/or
denied by Dr. James Richards.

32. Plaintiff is informed and believes that defendants, and
acted and/or failed to act reasonably in providing plaintiff
with proper medical care, treatment, and did not give plaintiff
any meaningful, adequate, and effective treatment;

33. Plaintiff has not received adequate, effective, and
meaningful treatment ofr his broken nose an finger to date as
he is still in excruciating burning pain daily, and as a proximate
cause of the delayed and denied treatment/care, plaintiff has
suffered severe depresssion cutting episodes, and psychological
trauma, and pain;

34. As a proximate cause of defendant's, actions/inactions,
and delay/denial of medical care treatment, plaintiff suffered
through reconstructive surgery on several occasions, and he
is now permanently disfigured, hideously, and suffers psycholog-
ical trauma and self-esteme issues daily;

35. As a proximate cause of the delay and denial of treatment for
plaintiff's fifth finger, plaintiff has suffered through the
process of two surgal procedures and the subsuquent **amputation**
of that finger.

36. Plaintiff repeatedly informed defendants, and all of
them that he needed reasonable medical care, yet they deliberately
disregarded all of those requests by refusing and/or delaying
reasonable treatment, medications, and relief from the pain.

18.

1  **and** suffering.

2      37. Plaintiff is informed and believes, and thereon alleges,

3  that defendants, and all of them, knew that by being unconcerned

4  with plaintiff's medical conditions, refusing to provide medical

5  treatment/care, and refusing to provide relief for his physical

6  and psylogical pain and suffering that a serious risk of harm

7  may, would, and/or did befall plaintiff in that he suffered

8  lasting depression, psychological problems as documented, facial

9  disfigurment, and amputation of his fifth finger; Plaintiff

10 is informed and believes that defendants, and all of them,

11 disregarded his pleas for medicl care deliberately, and/or

12 claiming plaintiff "is drug seeking" as they do with most inmates

13 under their care and supervision;

14      38. Plaintiff is informed and believed, and thereon alleges,

15 that defendants, and all of them, learned of his medical needs

16 and complaints via plaintiff's requests for medical care, his

17 medical file, the incident report that was prepared by staff,

18 and that defendants, and all of them, knew or should have known

19 that there was a serious risk of harm to plaintiff both physically

20 and psychologically by the medical and custodial file, doctor's

21 medical diagnosis, medical orders and recommendations, yet all

22 of them denied and/or delayed needed medical care and/or provided

23 grossly inadequate treatment;

24      39. Defendants have repeatedly delayed preforming medical

25 tests, providing medical treatment and reasonable accommodations

26 resulting in the above states injuries and exacerbated psycholog-

27 ical problems; The defendants, and all of them, exhibited a

28 serious lack of care and concern for plaintiff;

19.

## CLAIMS FOR RELIEF

(Eighth Amendment Violation - Deliberate Indifference to Serious
Medical Needs)

40. Plaintiff referes to and incorporates by reference
herein the allegations of paragraphs 1 through 39, supra, inclus-
ive.

41. Plaintiff's medical condition, as described herein,
constitutes a serious medical need in that failure to treat
and provide reasonable care and accommodations for the conditions
has resulted in further significant injury, and the on-going
failure to treat is likely to cause more seriosu injury. Said
injury has included, but not limited to, severe depression,
severe burning pain, facial disfigurement, additional amputation
and/or surgical procedures, psychological trauma, inability
to properly grasp and hold things in his hand, and/or pick up
objects and/or do work, memory problems from head injury, and/or
financial costs ofr future doctors appointment and treatment
upon release; Plaintiff's medical conditions significantly affect
his activities in prison each and every day and his future
ability to function in every day life in the community;

42. Plaintiff is informed and believes, and there alleges,
that defendants, and all of them, have acted intentionally in
a manner described above and with knowledge of plaintiff's
suffering, pain, and risk of further serious harm that could
result from their actions/inactions, to communicate to prison
staff plaintiff's need for prompt, proper medical care.

43. Defendants conduct, and all of them, violates 42 U.S.C.
§1983, because that conduct constitutes deliberate indiffenence

20.

1  to plaintiff's serious medical needs in violation of his **Eighth**

2  **Amendment right to be free from cruel and unusual punishment.**

3  44. As a proximate result of the defendants' conduct, and

4  all of them, Plaintiff has suffered and continues to suffer

5  general damages in the form of severe pain, psychological and

6  emotional depression and stress, and physical disibility that

7  limits his daily function with his hand after the amputation

8  of the fifth digit/finger; Plaintiff is informed and believes,

9  and thereon alleges, that he will continue to suffer such damage

10  in the future;

11  45. As a further proximate result of defendants' donduct,

12  plaintiff is informed and believes, and thereon alleges, that

13  he will suffer special damages in the future in the form of

14  medical expenses for treatment of his painful amputated finger,

15  restructuring, and/or plastic surgery of facial damage and his

16  nose, treatment therefore, and treatment for his exacerbated

17  depression, psychological counseling, for psychological probmes,

18  and loss of income.

19  46. In acting/inaction as described herein above, defendants

20  and all of them acted despicably, knowingly, willfully, and

21  maliciouslyy or with reckless or callous disregard for plaintiffs

22  federally protected rights, entitling him to an award of exemplary

23  and punitive damages.

24  **PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiff, Ronald Chrisman, prays for judgement

26  against defendants, and all of them as follows:

27  1. For injunctive relief in the form of proper, prompt,

28  medical diagnostic testing and/or treatment and pain relief,

1 according to proof;

2     2. For general damages; according to proof, if needed;

3     3. For future damages; according to proof;

4     4. For special damages, according to proof;

5     5. For punitive damages; according to proof;

6     6. For reasonable attorney fees pursuant to 42 U.S.C.

7 §1988;

8     7. For costs of the suit and/or for such other and further

9 relief as the court may deem just and proper.

10 DATED: June 2, 2009 .

11                Respectfully submitted,

12

13     Ronald Chrisman, Plaintiff, In Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX "                    "

# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

*LIB. DAYS*
*THURSDAYS*

NAME  *CHRISMAN*        CDC #  *C55019*        CDC-128(REV.4/74

ON *7/28/04* AT APPROXIMATELY *0945* HOURS, WHILE PERFORMING MY DUTIES, I OFFICER *M. Murillo* PROVIDED DDP ORIENTATION TO INMATE *CHRISMAN* CDC# *C55019* IN ACCORDANCE WITH THE CLARK REMEDIAL PLAN, POLICES, AND PROCEDURES. (*ALL STAFF* TRAINED IN; OVERVIEW OF DEVELOPMENTAL DISABILITIES) ARE TO PROVIDE *ASSISTANCE* TO ENABLE DDP INMATES TO UNDERSTAND AND PARTICIPATE TO THE BEST OF THEIR ABILITY-DISCIPLINARY, CLASSIFICATION AND OTHER ADMINISTRATIVE HEARINGS. *THIS ASSISTANCE WOULD ALSO INCLUDE COMPLETING ANY FORMS OR DOCUMENTS* NECESSARY TO SECURE ANY RIGHTS OR BENEFITS AVAILABLE TO NONDISABLED INMATES. I EXPLAINED TO HIM THAT BECAUSE OF HIS DISABILITY, HE COULD NOT BE EXCLUDED FROM PARTICIPATION IN OR DENIED THE BENEFITS OF SERVICES, PROGRAMS OR ACTIVITIES OF THE DEPARTMENT, OR BE SUBJECTED TO DISCRIMINATION. I EXPLAINED THE RANGE OF WORK AND TRAINING PROGRAMS AVAILABLE. I ALSO EXPLAINED THE BASIC MAIL, CANTEEN, VISITING AND FACILITY PROCEDURES.

*COPY!*

Orig: Central File
    Cc: DDP FILE
    Cc: INMATE

*M. Murillo*

ORIENTATION PROVIDED BY:

*EXHIBIT*

*Ron C Chrisman*        RJD-III        GENERAL CHRONO

APPENDIX "          "

# EXHIBIT COVER PAGE 2

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

Approved for
use with
Judicial
Council forms
(Jan. 1, 1997)

AME and NUMBER  CHRISMAN, RON _ D          C-55019          F4-20-124U

CDC-128-C

WNT 5?

his inmate has **seizure disorder** therefore:

ousing - - - - - - - - **LOWER BUNK and LOWER TIER**

ork Assignment:          No Culinary
                         No operating machinery
                         No work involving:
                         Fires or hot surfaces
                         Heights or hot liquids
                         Wet or slippery surfaces

his chrono is **PERMANENT** and shall remain in effect for the duration of the inmate's stay at RJDCF.

rig:   C-File
cc:    Unit Health Record                    **I. COHEN, D. O.**
       Housing Officer                       Staff Physician/Surgeon
       Inmate

          06/03/04                           RJDCF/SD (gh)

ATE                                          MEDICAL—PSYCHIATRIC—DENTAL

---

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
RECEPTION CENTER MEDICAL CLEARANCE / RESTRICTION INFORMATION CHRONO     CDC 128-C-1 (8/91)

WNT ?

CDC NUMBER: C-55019   NAME: Chrisman, Ronald

| MEDICAL ELIGIBILITY: | CHRONIC INFECTIOUS DISEASE, GROUP I, II, III, IV | MOBILITY IMPAIRED: |
|---|---|---|
| ☐ FULL DUTY   S.P. | ☒ COMMUNICABLE DISEASE (i.e., TB, HEPATITIS, SYPHILIS) | ☐ PARAPLEGIC ☐ QUADRAPLEGIC ☐ WHEELCHAIR ☐ WALKER ☐ CANE |
| ☐ CAMP | ☐ ROUTINE FOLLOW-UP NEEDED ☐ URGENT FOLLOW-UP NEEDED | ☐ AMPUTEE: ☐ LEGS: L R ☐ ARMS: L R |
| ☐ CCF | ☐ HEARING IMPAIRED | ☐ PROSTHESIS: |
| ☒ RESTRICTED / LIGHT DUTY | ☐ HAS HEARING AID ☐ NEEDS H. AID | ☐ FULL ☐ PARTIAL |
| ☐ MEDICALLY UNASSIGNED | ☐ BLIND ☐ SERIOUS VISION PROBLEM | ☐ PSYCHIATRIC CONDITION |
| ☐ LONG TERM ☐ SHORT TERM | MEDICATION ALLERGIES: ☐ NO ☒ YES   Dilantin | ☐ CLEARED ☐ NEEDS EVAL. |
| ☐ WELL-HANDICAPPED PROGRAM ELIGIBLE | | ☐ PSYCHIATRIC MEDICATION NEEDED |
| ☐ FOOD HANDLING | ☐ DIABETIC: ☐ ORAL ☐ INJECTION | ☐ YES ☐ NO |
| ☐ CLEARED ☐ NOT CLEARED | ☐ RESPIRATORY, (i.e., ASTHMA) ☐ MEDICATION REQUIRED | ☐ DENTAL CLASS: 1 2 3 4 ⑤ |
| MEDICAL RESTRICTIONS: | ☐ HEART DISEASE / HYPERTENSION ☐ MEDICATION REQUIRED | ☐ FOLLOW UP NEEDED: ☐ ROUTINE ☐ URGENT |
| ☒ SEIZURE DISORDER 2/6/ 04 DATE OF LAST SEIZURE: Typo | ☐ ORTHOPEDIC PROBLEM, DEBILITATING ☐ LOWER BUNK NEEDED ☐ LOWER TIER NEEDED | ☐ PREGNANT: TRIMESTER: 1 2 3 |

OTHER RESTRICTIONS:  NO STAND > 20 MIN, WALK > 4 MILE OR LIFTING > 10 |

DISTRIBUTION:
ORIG - C-FILE   COPY - CDC HEALTH RECORD
COPY - CC 1     COPY - INMATE

INSTITUTION: RJD   PHYSICIAN'S SIGNATURE AND TITLE: Coop   DATE: 6/17/02

APPENDIX "          "

# EXHIBIT COVER PAGE $\boxed{3}$
EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

Approved for
use with
udicial
Council forms
Jan. 1, 1997)

REPORT ID: TS3030                                    REPORT DATE: 08/01/07
                                                     PAGE NO:      1

                        CALIFORNIA DEPARTMENT OF CORRECTIONS
                            R.J.DONOVAN CORR. FACILITY
                          INMATE TRUST ACCOUNTING SYSTEM
                           INMATE TRUST ACCOUNT STATEMENT

                    FOR THE PERIOD: JUL. 01, 2007 THRU AUG. 01, 2007

ACCOUNT NUMBER : C55019            BED/CELL NUMBER: F10200000000144L
ACCOUNT NAME   : CHRISMAN, RONALD      ACCOUNT TYPE: I
PRIVILEGE GROUP: A
                        TRUST ACCOUNT ACTIVITY

    << NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

                        CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 02/02/2007 | H110 | COPIES HOLD | 3200/SEP06 | 1.20 |
| 02/02/2007 | H110 | COPIES HOLD | 3200/NOV06 | 0.30 |
| 03/23/2007 | H110 | COPIES HOLD | 3980/MAR07 | 0.50 |
| 04/20/2007 | H110 | COPIES HOLD | 4373/MAR07 | 0.80 |
| 04/20/2007 | H110 | COPIES HOLD | 4373/MAR07 | 3.05 |
| 04/20/2007 | H110 | COPIES HOLD | 4373/APR07 | 1.65 |
| 05/17/2007 | H110 | COPIES HOLD | 4851/APR07 | 3.15 |
| 05/17/2007 | H110 | COPIES HOLD | 4851/APR07 | 0.10 |
| 05/17/2007 | H110 | COPIES HOLD | 4851/APR07 | 1.75 |
| 05/17/2007 | H110 | COPIES HOLD | 4851/APR07 | 0.70 |
| 05/17/2007 | H110 | COPIES HOLD | 4876/MAY07 | 1.10 |
| 05/17/2007 | H110 | COPIES HOLD | 4876/MAY07 | 0.60 |
| 05/17/2007 | H110 | COPIES HOLD | 4876/MAY07 | 0.65 |
| 06/04/2007 | H110 | COPIES HOLD | 5165/MAY07 | 0.40 |
| 06/04/2007 | H110 | COPIES HOLD | 5165/MAY07 | 0.20 |
| 06/04/2007 | H110 | COPIES HOLD | 5165/MAY07 | 1.05 |
| 06/04/2007 | H110 | COPIES HOLD | 5165/MAY07 | 2.45 |
| 06/04/2007 | H110 | COPIES HOLD | 5165/MAY07 | 1.00 |

                        TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 20.65 | 0.00 |

                                              CURRENT
                                             AVAILABLE
                                              BALANCE
                                           --------------
                                               20.65
                                           --------------
                                           --------------

APPENDIX "        "

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

Approved for
use with
Judicial
Council forms
(Jan. 1, 1997)

## § 845.4    ACTIONS—PUBLIC ENTITIES & EMPLOYERS    Title 1

for such injury shall be deemed to accrue until it has first been determined that the confinement was illegal.

(Added by Stats.1963, c. 1681, p. 3278, § 1. Amended by Stats.1970, c. 1099, p. 1958, § 6.)

### Legislative Committee Comments—Senate

#### 1963 Addition

This section makes clear that liability exists for the intentional and unjustifiable confinement or detention of a person confined involuntarily to seek redress in the courts. To avoid a possible flood of unmeritorious actions, the section requires that a determination shall have been made that the confinement was illegal before an action for damages can be commenced. Such a determination might be a judicial or administrative determination that a prisoner should be released because his confinement was illegal.

### Law Revision Commission Comments

#### 1970 Amendment

Section 845.4 is amended to refer to the time of the accrual of the cause of action. This amendment clarifies the relationship of this section to the claims statute. As originally enacted, the statute of limitations might have expired before illegality of the imprisonment was determined—a determination that must be made before the action may be commenced. [9 Cal.L.Rev.Comm. Reports 801 (1969)]

### Historical and Statutory Notes

Application of Stats.1963, c. 1681, see Historical and Statutory Notes under Government Code § 810.

The 1970 amendment substituted "no cause of action for such injury shall be deemed to accrue" for "no action for such injury may be commenced".

### Law Review Commentaries

Liability of sovereign for wrongful injury of prisoners. 2 Pac.L.J. 697 (1971).

### Library References

Prisons ⊂=17.
WESTLAW Topic No. 310.
C.J.S. Prisons and Rights of Prisoners §§ 55 op.90.

West's California Practice—Defenses in Civil Actions, Schwing, §§ 38.78, 38.79, 38.81.
West's California Practice—Tort Law, Witkin and Barker, § 32.19.

### § 845.6. Medical care for prisoners; failure to obtain

Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Nothing in this section exonerates a public employee who is lawfully engaged in the practice of

## POLICE AND CORRECTIONAL ACTIVITIES    Div. 3.6    § 845.6

one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 844.6.

(Added by Stats.1963, c. 1681, p. 3278, § 1. Amended by Stats.1970, c. 1099, p. 1958, § 7.)

### Law Revision Commission Comments

#### 1963 Addition

This section limits the duty to provide medical care for prisoners to cases where there is actual or constructive knowledge that the prisoner is in need of immediate medical care. The standards of medical care to be provided to prisoners involve basic governmental policy that should not be subject to review in tort suits for damages. The immunity from liability for damages that is provided by this section exists even where some other statute might be construed to impose a mandatory duty to provide medical care to prisoners under other circumstances. In cases where another statute is so construed, the prisoner is left to the other remedies provided by law to compel public employees to perform their duties. [4 Cal.L.Rev.Comm. Reports 801 (1963)]

#### 1970 Amendment

Section 845.6 is amended to expand the group of public employees who are referred to as potentially liable for medical malpractice to include all types of medical personnel, not merely those who are "licensed" under the Business and Professions Code. This conforms Section 845.6 to amended Section 844.6. The amendment also clarifies the relationship of Section 845.6 and subdivision (d) of Section 844.6. [9 Cal.Rev.Comm. Reports 801 (1969)]

### Historical and Statutory Notes

Application of Stats.1963, c. 1681, see Historical and Statutory Notes under Government Code § 810.

The 1970 amendment rewrote the last sentence which prior thereto read: "Nothing in this section exonerates a public employee licensed in one of the healing arts under Division 2 (commencing with Section 500) of the Business and Professions Code from liability for injury proximately caused by malpractice or exonerates the public entity from liability for injury proximately caused by such malpractice."

### Law Review Commentaries

Public entity immunity from tort claims by prisoners. 19 Hastings L.J. 573 (1968).

### Library References

Prisons ⊂=17.
WESTLAW Topic No. 310.
C.J.S. Prisons and Rights of Prisoners §§ 55 op.90.
California Practice Guide: Personal Injury, Flahavan, Rea, Kelly & Tenner, see Guide's Table of Statutes for chapter paragraph number references to paragraphs discussing this section.

West's California Practice—California Medical Malpractice, McDonald, §§ 2.9, 4.6.
West's California Practice—Defenses in Civil Actions, Schwing, §§ 38.70, 38.78, 38.79.
West's California Practice—Tort Law, Witkin and Barker, § 32.18.

### Notes of Decisions

Construction and application 1
Defendant care 6
Jury questions 8
Knowledge and intent 4

§ 845.6    ACTIONS—PUBLIC ENTITIES & EMPLOYEES    Title 1

**Pleading 7**
**Prejudice cause 2**
**Serious and obvious need 3**
**Summoning care 5**

**1. Construction and application**

Under California Tort Claims Act (§ 810 et seq) public entity cannot be held liable for an injury to any prisoner except as provided under subdivisions of § 844.6 relating to injury to prisoners and for failure to take reasonable action to summon medical care for prisoner. Hart v. Orange County (App. 4 Dist. 1967) 62 Cal.Rptr. 73, 254 Cal.App.2d 302.

This section of California Tort Claims Act (§ 810 et seq) dealing with failure to furnish or obtain medical care for prisoner deals with positive subject of creation of liability which has to do with failure to identify medical needs but does not pertain to those needs which is special burden by nor publicly but which is special burden created by legislature to be borne by public entities under limited circumstances. Hart v. Orange County (App. 4 Dist. 1967) 62 Cal.Rptr. 73, 254 Cal.App.2d 302.

Under the California Tort Claims Act (§§ 810 et seq) a public entity cannot be held liable for an injury to any prisoner except as provided under subdivisions of § 844.6 relating to injury to prisoners, and for failure to take reasonable action to summon medical care for prisoner. Sanders v. Yuba County (App. 3 Dist. 1967) 55 Cal.Rptr. 852, 247 Cal.App.2d 748.

A prisoner could maintain an action against the county under the California Tort Claims Act (§ 810 et seq) for failure of the county to take reasonable action to summon medical care. Sanders v. Yuba County (App. 3 Dist. 1967) 55 Cal.Rptr. 852, 247 Cal.App.2d 748.

**2. Proximate cause**

Scope of §§ 855.8, 856 providing immunity to public officials for failure to diagnose or to prescribe treatment and for determination whether to confine for mental illness person in their custody was more limited than scope of general duty to summon immediate medical care established by this section and thus, complaint which alleged that decedent's suicide after release from custody of sheriff's office were proximate result of sheriffs breach of their statutory duty of care when they had reason to know that decedent was suicidal stated cause of action not subject to dismissal by demurrer. Johnson v. County of Los Angeles (App. 2 Dist. 1983) 191 Cal.Rptr. 704, 143 Cal.App.3d 298.

Juvenile correctional team's failure resulting in death was not proximately caused by prison's alleged failure to furnish or obtain medical care, and thus county and probation officer were immune under this section from any liability arising from the death. May v. Monterey County (App. 6 Dist. 1983) 189 Cal.Rptr. 6??, 139 Cal.App.3d 717.

**3. Serious and obvious need**

Statute imposing liability on public entity and public employees for failing to take reasonable action to summon medical care on behalf of prison inmate is limited to situations in which inmate is suffering from serious and obvious medical condition that requires immediate attention. Watson v. State (App. 2 Dist. 1993) 26 Cal.Rptr.2d 262, 21 Cal.App.4th 836.

Evidence that decedent was arrested for parently being drunk, that decedent experienced emotional upset during his booking, that breathalyzer test revealed absence of any medical illness, and that decedent did not inform police that he had consumed large amount of alcohol in addition to being drunk, established that decedent limp himself, and that autopsy established that decedent had suffered from heart pathology, was insufficient to support jury's finding in his death action against city and police officer that decedent had been in obvious need of medical care and that police had failed to provide such medical care. Lucas v. City of Long Beach (App. 2 Dist. 1976) 131 Cal.Rptr. 470, 60 Cal.App.3d 341.

Plaintiff prisoner's request of attendant for something for headache was not notice that he was in need of immediate medical care, for purposes of this section. Kinney v. County of Contra ?? (App. 1 Dist. 1970) 87 Cal.Rptr. ??, 8 Cal.App.3d 761.

**4. Knowledge and intent**

Public entity's liability under statute for failing to take reasonable action to summon medical care for prison inmate is limited to those situations in which public entity intentionally or unjustifiably fails to furnish immediate medical care. Watson v. State (App. 2 Dist. 1993) 26 Cal.Rptr.2d 262, 21 Cal.App.4th 836.

**5. Summoning care**

Statute requiring public entities and public employees to take reasonable action to "summon" medical care for prison inmates in need of such care did not impose any obligation on state prisoner, once medical treatment was provided to state prisoner, to monitor the quality of care provided. Watson v. State (App. 2 Dist. 1993) 26 Cal.Rptr.2d 262, 21 Cal.App.4th 836.

**6. Deficient care**

Medical care provided to state prison inmate who injured his ankle while playing basketball was not so deficient as to be tantamount to

POLICE AND CORRECTIONAL ACTIVITIES    § 845.8
Div. 3.6

medical care, so as to render state liable for failing to take reasonable action to summon medical care on behalf of inmate, notwithstanding that prison physicians who examined inmate allegedly misdiagnosed his torn achilles tendon as sprained ankle; while incarcerated at state prison, inmate was able to walk and complained only that his ankle was tender. Watson v. State (App. 2 Dist. 1993) 26 Cal.Rptr.2d 262, 21 Cal.App.4th 836.

**7. Pleading**

Demurrer of deputy city attorney to complaint was properly sustained where complaint charged no wrongdoing by deputy city attorney and his failure to advise municipal court judge of plaintiff's illness and to request a continuance, which charged, if anything at all, only false arrest, as to which deputy city attorney had immunity under § 821.6. Apelian v. Los Angeles County (App. 2 Dist. 1968) 72 Cal.Rptr. 265, 266 Cal.App.2d 550.

**8. Jury questions**

Evidence in action against county that decedent was booked in evening on drunk charge, was unable to walk alone when brought to jail, did not have appearance of standard drunk, was in a coma or unconscious and had no odor of alcohol about him, and was still unconscious twelve hours after he was booked, disclosed factual questions for jury as to whether employee acting within scope of his employment had actual or constructive knowledge of prisoner's need for immediate care and of reasonable action to summon immediate medical care. Hart v. Orange County (App. 4 Dist. 1967) 62 Cal. Rptr. 73, 254 Cal.App.2d 302.

**§ 845.8. Parole or release of prisoner; escape of prisoner; persons resisting arrest**

Neither a public entity nor a public employee is liable for:

(a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release.

(b) Any injury caused by:

(1) An escaping or escaped prisoner;

(2) An escaping or escaped arrested person; or

(3) A person resisting arrest.
(Added by Stats.1963, c. 1681, p. 3279, § 1. Amended by Stats.1970, c. 1099, p. 1958, § 8.)

**Law Revision Commission Comments**

**1963 Addition**

This section is a specific application of the discretionary immunity recognized in California cases and in Section 820.2. The extent of the freedom that must be accorded to prisoners for rehabilitative purposes and the nature of the precautions necessary to prevent escape of prisoners are matters that should be determined by the proper public officials unfettered by any fear that their decisions may result in liability. [4 Cal.L.Rev.Comm. Reports 801 (1963)]

**1970 Amendment**

Subdivision (b) of Section 845.8 has been amended to extend the immunity to include persons resisting or escaping from arrest. This probably codifies former law. See Ne Casek v. City of Los Angeles, 233 Cal.App.2d 131, 43 Cal.Rptr. 294 (1965) (city not liable to pedestrian injured by escaping arrestee). But see Johnson v. State, 69 Cal.2d 782, 447 P.2d 352, 73 Cal.Rptr. 240 (1968). [9 Cal.L.Rev.Comm. Reports 801 (1969)]

APPENDIX "            "

# EXHIBIT COVER PAGE  5

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___*3*___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5ᵗʰ Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Ronald Chrisman C55019
PO Box 799001
San Diego, CA 92179

April 25, 2007

RE: Claim G566884 for Ronald Chrisman, C55019

Dear Ronald Chrisman,

You were previously notified that your claim was scheduled to be acted upon by the Board at the meeting on May 17, 2006 at 10:00 a.m. However, the meeting had to be rescheduled.

The claim will now be heard at the Board meeting on May 22, 2007 at 10:00 a.m., in Sacramento.

You will be receive written notification of the Board's decision within approximately 3 weeks of the meeting.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 6 Hearing Dt Chg



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

**GOVERNMENT CLAIMS PROGRAM**
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Ronald Chrisman C55019
PO Box 799001
San Diego, CA  92179

May 25, 2007

RE:  Claim G566884 for Ronald Chrisman, C55019

Dear Ronald Chrisman,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
May 22, 2007.

If you have questions about this matter, please mention letter reference 118 and claim number G566884 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning
"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim."  See Government Code Section 945.6.  You may
seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR
PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF SAN DIEGO )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, Rodney Oglesby , am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On Oct 31, 2007 , I served the following documents:

REQUEST FOR APPOINTMENT OF COUNSEL
§1983 CIVIL RIGHTS COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CLERK OF U.S. DISTRICT COURT
880 FRONT ST.   , ROOM 4290
SAN  DIEGO, CALIFORNIA  92101-8900

        I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on Oct 31, 2007 .

Rodney Oglesby
R.J.D.C.F. / FH- 116
P.O. Box 799001
San Diego, CA   92179-900 1

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ronald Chrisman

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

2254    1983
DEFENDANTS
FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes
COPIES SENT TO
Court    ProSe

FILED

2007 NOV -2 PM 3: 04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**DEFENDANTS**

David Smith, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ronald Chrisman
PO Box 799001
San Diego, CA 92179
C-55019

**ATTORNEYS (IF KNOWN)**

'07 CV 2101 IEG    LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ Other Contract | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    November 2, 2007

SIGNATURE OF ATTORNEY OF RECORD

United States District Court
Southern District of California FILED
Office of the Clerk
Re: Civil No. 07-2101 IEG (LSP)

2007 NOV 20 PH 3:34

CLERK US DISTRICT COURT
SO. DIST. OF CALIFORNIA

BY _____ DEPUTY
NUNC PRO TUNC
NOV 19 2007

Dear Clerk of the Court,

        Greetings... This is a
matter of great concern, as my complaint
is against many and numerous officials in
the prison inwhich I am incarcerated,
I'm finding it difficult to obtain the
documents needed and accommodations
inwhich I need to file them.
Regarding the Certified Trust Account
Statement for my motion to proceed
"in forma pauperis", this said document
was processed -via- Law Library on
11-13-07.
Also, I'd like to add enclosed medical
records to be attached to complaint,
§ 1983 civil rights action, to be
included thereof. — Thank You

                    Ronald Chrisman C-55010
                    P.O. Box 799001
                    San Diego, CA 92179-9001

California Department of Corrections and ___ abilitation                    Di___ n of Correctional Health Care Services
RJD Correctional Facility          Encounter Form: Musculoskeletal Complaint (Non-Traumatic)
Name: _Chrisman, Ronald_ DC# _C55019_ DOB: _7/17/59_ Date/Time _9/29/06 @ 1345_

Fill in the blanks and check all that apply

## SUBJECTIVE:

Chief Complaint: _pain_
Date and time of onset: _X 2 days_
Pain: Scale of 0-10 (0=no pain 10=worst pain): _#7/10_
  Area of pain: _(L) 5th finger Lt vesicle_
  Quality of pain: _constant throbbing pain_
  What makes it better? _0_
  History of prior pain / duration: _fell out of the stool_
_bunk 2 wks ago. nt the stool_
☑ Low back pain  ☐ Flank pain
Urinary symptoms: ☐ Urinary frequency  ☐ Dysuria
  ☐ Burning on urination  ☐ Hematuria
☑ Muscle spasms  ☑ Numbness  ☑ Tingling
Other: _Lt vesicle c numbness/tingling_
History of chronic illness: ☐ Arthritis  ☐ Cancer
  ☐ Diabetes  ☐ Blood dyscrasias  ☐ Renal Disease
Other: _seizure D/O_
History of: ☐ Fever  ☐ Chills  ☐ Headache
  ☐ Nausea /Vomiting  ☐ Diarrhea  ☐ Fatigue
  ☐ Recent Trauma: Describe: _____

  ☐ Other: _____

Allergies: _Dilantin_
Current medications: _Phenobarbital_

## OBJECTIVE:

☑ Awake, alert, oriented to person, place, time
Vital signs: BP: _144/81_ Pulse: _51_ Resp: _18_
  Temp: _98.5_  ☐ Urine dipstick
Results of dipstick / urinalysis: : _____

Assess areas involved:
Extremity: ☐ Upper ☐ Lower ☐ Right ☑ Left _5th finger_
  Describe: Color: _bruises_
  ☐ Warmth  ☑ Tenderness  ☑ Swelling:
  ☐ Deformity  ☐ Circulation  ☑ Sensation
  ☑ ROM  Describe: _limited_

Muscle: ☐ Atrophy  ☐ Hypertrophy  ☐ Weakness
  ☐ Tremors
Gait / Stance (describe): _normal / steady_

## ASSESSMENT:
☐ Impaired physical mobility related to: _____

☑ Pain related to / evidenced: _verbalization_
_of (L) 5th finger pain_

## PLAN:

MD referral completed: (circle)   NO /(YES) If yes:
☐ STAT ( Positive urine dipstick and patient has signs
  and symptoms consistent with a UTI; alterations in
  circulation or sensation, new deformity or discoloration,
  or patient appears ill or has history of fever, chills,
  headache, nausea, vomiting, or diarrhea; severe muscle
  cramps; muscle weakness  with or without fever; warm or
  acutely swollen, joints)
☐ Urgent      ☑ Routine
☐ Orders received by phone from POC
Physician notified (name & time) _____
Physician Responded (time) _____

MUSCLE CRAMPS /  EXTREMITY PAIN
☐ Acetaminophen 325mg 2 tabs PO Q4-6 hours PRN
  pain while symptoms persist; not to exceed 12tabs/24hr
☑ Ibuprofen 200mg 1-2 tabs PO Q4-6hrs PRN pain while
  symptoms persist; not to exceed 6 tabs/24hrs
☐ Naproxen Sodium 220mg 2 tabs PO 1ˢᵗ hour; 1 tab Q8-12
  hrs PRN pain while symptoms persist;  not to exceed 3
  tab/24hr
☑ Activity as tolerated.

JOINT PAIN / LOW BACK PAIN
☐ Apply (circle one) ice or heat as appropriate.
☐ Acetaminophen 325mg 2 tabs PO Q4-6 hours PRN
  pain while symptoms persist; not to exceed 12 tab/24hrs
☐ Ibuprofen 200mg 1-2 tabs PO Q4-6hrs PRN pain while
  symptoms persist; not to exceed 6 tab/24 hrs
☐ Naproxen Sodium 220mg 2 tabs 1ˢᵗ hour; 1 tab PO Q8-12
  hrs PRN pain while symptoms persist; not to exceed 3
  tab/24hrs
☐ Activity as tolerated.
☐ Treatment given per RN Protocol:

## EDUCATION:
Patient instructed in:      ☑ Use of medications
☑ Level of activity
☐ Patient Health Care Education Forms given to patient:
  (specify) _Back Pain_
☑ Resubmit a Health Care Service Request Form (CDC
  7362) if symptoms persist, deteriorate, increase in
  swelling or pain; decreased ROM or CSM; or
  _symptoms worsen_
☑ Patient verbalized understanding of instructions

_A. Marquez_, RN
Signature / Title

ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC
CDC XXXX                                                          8/05

California Department of Corrections and Rehabilitation          Division of Correctional Health Care Services
RJD Correctional Facility          Encounter Form: Musculoskeletal Complaint (Non-Traumatic)
Name: _Chrisman, Paul_ CDC# _C55019_ DOB: _7/13/59_ Date/Time _9/20/06 @ 1305_
Fill in the blanks and check all that apply

**DISPOSITION:**

Time released _1400_
☒ Condition on release: — _same_
☒ Returned to housing unit — _ambulatory_
☐ Housing reassignment to: _____
☒ Referred for follow-up
  ☒ Physician clinic   ☐ RN clinic   _z wks ._
☐ Referred to higher level of care: (specify) _____

Person/time contacted: _____
Time/Mode of transfer: _____
ERV contacted (time) _____
ERV arrived (time) _____

_Reports chronic low_
_back pain c̄ spasm_
_since 1989. The pt_
_had injury 2° auto_
_accident. Requesting_
_pain med & medication_
_c̄ order from Dr. Richards_
_for X-ray @ 5th finger +_
_Naproxen 800 mg BID_
_Order for ♯ back pain_
_c̄ Panadon forte 500 ×_
_pū TID for days ×_

List name(s) of RN Protocols used: _____

_Amargma, RN_
Signature / Title

ENCOUNTER FORM: MUSCULOSKELETAL COMPLAINTS (NON-TRAUMATIC
CDC XXXX



**Technical Services Provided by:**

**R.J. DONOVAN CORRECTIONAL FACILITY**
480 Alta Road
San Diego, CA 92179

| | |
|---|---|
| **PATIENT NAME:** | CHRISMAN, RONALD |
| **DOB:** | 07/13/59 |
| **ID#:** | C-55019 |
| **REFERRED BY:** | RICHARDS |
| **EXAM DATE:** | 10/05/06 |

73140  THREE VIEW LEFT FIFTH FINGER

**FINDINGS:**  There is a mildly displaced fracture at the base of the fifth middle phalanx extending into the fifth PIP. There is mild dorsal displacement.

**IMPRESSION:  Mildly displaced fracture, fifth middle phalanx.**

Louise O'Shaughnessy, M.D.

D:  10/06/06
T:  10/06/06
zi/brr

# CHRONIC CARE FOLLOW-UP VISIT

☐ Continuation progress note attached

List chronic diseases: (1) _Asthma_; (2) _Seizure_ ; (3) _____

HISTORY:

o Pharmacy profile attached (or list current medications here) _____

_____ RN/MTA Signature

| Complaints/Problems: | Asthma: |
|---|---|
| CV / Hypertension: Chest Pain: Yes ☐ No ☑ SOB: Yes ☐ No ☑ | # attacks since last visit: ○ |
| Diabetes Mellitus: # of hypoglycemic reactions since last visit: ___ | # short acting beta agonist canisters in last month: / |
| Seizure Disorder: # seizures since last visit: ○ | # visits to ETA for asthma since last visit: ○ |
| | # times awakening with asthma symptoms per week: ○ |

All CCP Conditions: other new symptoms: Yes ☑ No ☐ (if YES , please explain)

Additional History _(s) 5th finger fracture 9/29/06 - X-ray - Fx (s) middle phalanx_
_(s) seizures_
_(c) chronic LBP_

CCP compliance with medications: yes ☑ no ☐   diet: yes ☑ no ☐   exercise: yes ☑ no ☐
If no, describe:

EXAM: HEENT: _perrla DIC cnt_             Extremities/Pulses/Skin Changes: _(c) 5th digit_
_Brace / sling_

Neck: _(s) JVD ⊘ Bruit_                   Neuro: _CN 1-12 intact ⊘ sensory_

Lungs: _CTA (B)_                          Rectal/Other (specify): ⊘

Heart: _RRR 2 snd no w/s/r_

Abdomen: _soft not lins (+)BS_

ASSESSMENT:

Comments on BP, Glucose Monitoring, Lab Values
_X-ray mildly displaced Fx @ middle phalanx 9/29/06_

| | | Degree of Control | | | | Clinical Trend | | |
|---|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |
| 1. _Asthma_ | ☑ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 2. _Seizure_ | ☑ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 3. _(c) 5th finger Fx_ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☑ |

PLAN: _Chronic LBP_                       Primary Care Flow Sheet Reviewed: ☑

Medications: _Cont medications ord ⊘ x months / tylenol prn s/p_

Lab/Diagnostics: _Fasting lipid, PSA, CBC_

Other:

Monitoring: ☐ BP: _____ X week/month   ☐ Glucose: _____ X day/week / month ☐ Other: _____

Education Provided: ☑ Nutrition  ☑ Exercise  ☐ Smoking  ☐ Test Results  ☑ Medication Management  ☐ Other: ____

Referral: ☐ Specialist (specify): _Ortho_       ☐ Other Chronic Care Program (specify): ____
☑ High Priority

# days to next visit: ☑ 30  ☐ 60  ☐ 90  ☐ 180 ☐ Other: ___   ☐ Discharge from CCP (specify disease): _____

Primary Care Provider Signature _____ Date _10/12/06_

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH
_C 55019_
_CHRISMAN, Ronald_

STATE OF CALIFORNIA                          DEPARTMENT OF CORRECTIONS

**ALVARADO HOSPITAL MEDICAL CENTER/SDRI**
San Diego, California 92120

Visit #: **3053490**

MR #: **000331868**

Patient: **CHRISMAN, RONALD**

Location: **SC2**

Admitting Physician:

Admit Date: **10/30/2006**

**STAT PREOPERATIVE
HISTORY & PHYSICAL**

Page 1 of 2

**IDENTIFICATION:**  This is the first Alvarado Hospital admission for this
47-year-old male.

**HISTORY OF INJURY:**  Mr. Chrisman is an inmate at R. J. Donovan State
Prison.  He is status post fracture of his left 5th finger.  This is a
displaced fracture, and he is therefore being admitted at this time for
open reduction and internal fixation of the fracture.

**PAST MEDICAL HISTORY:**  Please refer to the chart.

**PHYSICAL EXAMINATION:**

HEENT:  Within normal limits.

CHEST:  Clear.

HEART:  Regular rhythm, no murmurs.

ABDOMEN:  Soft, no masses or tenderness.

EXTREMITIES: Examination of the left 5th finger reveals soft tissue
swelling and tenderness diffusely in the finger.  There is pain with any

**ALVARADO HOSPITAL MEDICAL CENTER/SDRI**
San Diego, California 92120

Visit #: **3053490**
MR #: **000331868**
Patient: **CHRISMAN, RONALD**
Location: **SC2**
Admitting Physician:

Admit Date: **10/30/2006**

**STAT PREOPERATIVE
HISTORY & PHYSICAL**

Page 2 of 2

attempts at range of motion of the finger.  The soft tissue swelling and
tenderness is primarily in the middle in the area of the PIP joint.

**IMPRESSION:**  Displaced fracture, left 5th finger, middle phalanx.

**PLAN:**  He is to undergo open reduction and internal fixation of this
fracture on 10/30/2006.  The risks and complications have been discussed
fully, which include but are not limited to infection, bleeding,
persistent pain, weakness, and stiffness as well as tendon, vessel, or
nerve damage.  He understands all of these considerations and wishes to
proceed with the surgery.

DGS:cymed
D:  10/28/2006 (2209)
T:  10/29/2006 (0015)
Job 930247

_____
DAVID G. SMITH, MD

STATE OF CALIFORNIA
## MEDICAL/DENTAL LAY-IN ORDER

DEPARTMENT OF CORRECTIONS

INMATE'S NAME

*Chrisman, Ronold*

CDC NUMBER

*C55019*

HOUSING

### ABOVE SUBJECT MUST BE CONFINED TO BED FOR MEALS, MEDICATION, AND SICK CALL.

LAY-IN NUMBER

*X 10 days   10/30/06 — 11/9/06*

SIGNATURE OF M.D., R.N., M.T.A., D.D.S., R.D.A.

C.C: WORK ASSIGNMENT SUPERVISOR
HOUSING UNIT

**CDC 7257 (Rev 6/97)**

## CHRONIC CARE FOLLOW-UP VISIT    ☐ continuation progress note attached

List chronic diseases: (1) _Asthma_ ; (2) _Seizure Disorder_ ; (3) _Hep C_
HISTORY:                                                                4) _5th digit FX_

☒ Pharmacy profile attached (or list current medications here) _____

_____ RN/MTA Signature

**Complaints/Problems:**

CV / Hypertension: Chest Pain: Yes ☐ No ☒    SOB: Yes ☐ No ☒

Diabetes Mellitus: # of hypoglycemic reactions since last visit: _____

Seizure Disorder: # seizures since last visit: _0_

**Asthma:**
# attacks since last visit: _0_
# short acting beta agonist canisters in last month: _1_
# visits to ETA for asthma since last visit: _0_
# times awakening with asthma symptoms per week: _0_

All CCP Conditions: other new symptoms: Yes ☐ No ☐ (if YES, please explain) _____

Additional History  _47 yo wm s/p (R) toe digit FX s/p ORIF -_
_Ⓢ seizures X 7 mates - has sutures in place_

CCP compliance with medications: yes ☒ no ☐    diet: yes ☒ no ☐    exercise: yes ☒ no ☐
if no, describe:

EXAM: HEENT:  _perrla pic ear ⓒ_    Extremities/Pulses/Skin Changes: _(R)5th dig mid ecch ⓒ c/c/c_

Neck:  _⊘ swo ⊘ bruits_    Neuro:  _CN 2-12 intact nonfocal_

Lungs:  _ctab (B)_    Rectal/Other (specify):  _⊘_

Heart:  _RRR s mrg d sic_

Abdomen:  _soft nttnp ⊘ BS⊕_    | Comments on BP, Glucose Monitoring, Lab Values
                                   | BP 131/83  PFT 75

### ASSESSMENT:

| | Degree of Control | | | | Clinical Trend | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | G | F | P | NA | I | S | W | NA |
| 1. _Asthma_ | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2. _Seizure d/o_ | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3. _(R)5th digit FX s/p ORIF_ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

PLAN:  _LBP = Rx Rubrication_    | Primary Care Flow Sheet Reviewed: ☐

Medications:  _Neurontin 900mg QHS_

Lab/Diagnostics:  _- PSA_

Other:

Monitoring: ☐ BP: _____ X week/month    ☐ Glucose: _____ X day/week / month  ☐ Other: _____

Education Provided: ☒ Nutrition  ☒ Exercise  ☐ Smoking  ☒ Test Results  ☒ Medication Management  ☐ Other: _____

Referral: ☐ Specialist (specify): _____    ☐ Other Chronic Care Program (specify): _____
☐ High Priority

# days to next visit: ☒ 30  ☐ 60  ☐ 90  ☐ 180  ☐ Other: ___    ☐ Discharge from CCP (specify disease): _____

Primary Care Provider Signature _____ Date _11/6/05_

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES

| CDCR NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH |
| --- |
| C55019 |
| Chrisman, Ronald |
| 7/13/59 |

NIC CARE FOLLOW-UP VISIT    ☐ continuation progress note attached

List chronic diseases: (1) _Seizure d.o._ ; (2) _Asthma_ ; (3) _Hep C_

HISTORY: _Gerd_                                    4) _LBP_
                                                    5)(5) 5th digit Fx

☐ Pharmacy profile attached (or list current medications here) _____

_____ RN/MTA Signature

---

**Complaints/Problems:**
CV / Hypertension: Chest Pain: Yes ☐ No ☒    SOB: Yes ☐ No ☒
Diabetes Mellitus: # of hypoglycemic reactions since last visit: _____
Seizure Disorder: # seizures since last visit: ___0___

**Asthma:**
# attacks since last visit: _____
# short acting beta agonist canisters in last month: _____
# visits to ETA for asthma since last visit: _____
# times awakening with asthma symptoms per week: _____

---

All CCP Conditions: other new symptoms: Yes ☐ No ☐ (if YES, please explain) _____

Additional History — _pt c̄ 5° pain L 5th digit – pt error Received_
_pain med in SC clutral 11/20/06 – order written & noted_
_c/o nasin congestion_

---

CCP compliance with medications: yes ☒ no ☐    diet: yes ☒ no ☐    exercise: yes ☒ no ☐
If no, describe:

EXAM: HEENT: _____        Extremities/Pulses/Skin Changes: _CPCLCE_

Neck: _____              Neuro: _CN 2-12 _____

Lungs: _(CTAB)_                  Rectal/Other (specify): _∅_

Heart: _RRR S1 S2 NL CLR_

Abdomen: _Soft NT ND ⊕ BS_

| | Comments on BP, Glucose Monitoring, Lab Values |
|---|---|
| | BP 127/75   ∅ FSBS |

ASSESSMENT:

| | Degree of Control | | | | Clinical Trend | | | |
|---|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |
| 1. Seizure d.o | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2. Asthma | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3. PUD/GERD | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

PLAN: _Idea C – paules seco_          Primary Care Flow Sheet Reviewed: ☒
Medications: _(5) 5th digit Fx_
Lab/Diagnostics: _T#3 → 2u/ 1m x 3 rc/_
Other: _____

Monitoring: ☐ BP: _____ X week/month   ☐ Glucose: _____ X day/week / month   ☐ Other: _____

Education Provided: ☒ Nutrition ☒ Exercise ☐ Smoking ☒ Test Results ☒ Medication Management ☐ Other: _____

Referral: ☐ Specialist (specify): _Hep Center Appt_    ☐ Other Chronic Care Program (specify): _____
          ☐ High Priority

# days to next visit: ☒ 30 ☐ 60 ☐ 90 ☐ 180 ☐ Other: ___    ☐ Discharge from CCP (specify disease): _____

Primary Care Provider Signature _____    Date _12/18/06_

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES

| CDCR NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH |
|---|
| CS5019 |
| Chrisman, Ronald |



**Physicians**
# radiol◉gy
Medical Group Inc

**Technical Services Provided by:**

**R.J. DONOVAN CORRECTIONAL FACILITY**
480 Alta Road
San Diego, CA 92179

| | |
|---|---|
| **PATIENT NAME:** | CHRISTMAN, RONALD |
| **DOB:** | 07/13/59 |
| **ID#:** | C-55019 |
| **REFERRED BY:** | SMITH |
| **EXAM DATE:** | 12/21/06 |

73140  THREE VIEW RIGHT FIFTH FINGER

**COMPARISON:**  10/23/06

**FINDINGS:**  There has been interval placement of surgical pins traversing the fracture at the base of the fifth middle phalanx.  Callus formation is present.

**IMPRESSION:  Status post fixation, fifth middle phalangeal fracture.**

Louise O'Shaughnessy, M.D.

D:  12/22/06
T:  12/24/06
zi/brr

parole mmm 40

_ _ _ C CARE FOLLOW-UP VISIT        ☐ continuation progress note attached

List chronic diseases: (1) Seizure d/o ; (2) Asthma ; (3) HCV
HISTORY:    4) LBP          5) 5th dig + Fx

o Pharmacy profile attached (or list current medications here)

_____ RN/MTA Signature

| Complaints/Problems: | Asthma: |
|---|---|
| CV / Hypertension: Chest Pain: Yes ☐ No ☑ SOB: Yes ☐ No ☑ | # attacks since last visit: ____ ⊘ |
| Diabetes Mellitus: # of hypoglycemic reactions since last visit: ____ | # short acting beta agonist canisters in last month: 1 |
| Seizure Disorder: # seizures since last visit: ____ ⊘ | # visits to ETA for asthma since last visit: ____ ⊘ |
| | # times awakening with asthma symptoms per week: ⊘ |

All CCP Conditions: other new symptoms: Yes ☑ No ☐ (if YES, please explain)

Additional History: 47 yo white male — hx Seizure d/o (epilepsy)
X several years, Asthma (quiescent), HCV
s/p 02/17 (R) 5th dig fx — severe pain — referred to nursing
c/o LBP, spasm

CCP compliance with medications: yes ☑ no ☐    diet: yes ☑ no ☐    exercise: yes ☑ no ☐
If no, describe:

EXAM: HEENT:                           Extremities/Pulses/Skin Changes: 5⊘ ⊘cccc
perrla dic                             (R) 5th dig fx

Neck: ⊘ jvd ⊘ bruit          Neuro: RN 2012 intact mm peel

Lungs: CTA (B)               Rectal/Other (specify): ⊘

| Heart: RRR S1S2 no m/r/c/s | Comments on BP, Glucose Monitoring, Lab Values |
|---|---|
| Abdomen: soft ntnd BS+ | BP-111/74 |
| | PSA-0.35    ⊘FB ⊘ ~ |

| SSESSMENT: | Degree of Control | | | | Clinical Trend | | | |
|---|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |
| 1. Seizure | ☑ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 2. Asthma | ☑ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 3. HCV | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☑ |

PLAN: (R) 5th dig Fx          Primary Care Flow Sheet Reviewed: ☑

Medications: referral nursing excedrin , peroxin ? , OTC

Lab/Diagnostics: AMA, ferritin, CBC, TSH, pt, ptt, liver function

Other:

Monitoring: ☐ BP: ____ X week/month    ☐ Glucose: ____ X day/week / month    ☐ Other: ____

Education Provided: ☑ Nutrition ☑ Exercise ☐ Smoking ☑ Test Results ☐ Medication Management ☐ Other: ____

Referral: ☐ Specialist (specify): HCV clinic    ☐ Other Chronic Care Program (specify): ____
          ☐ High Priority        PCN

# days to next visit: ☑ 30 ☐ 60 ☐ 90 ☐ 180 ☐ Other: ____    ☐ Discharge from CCP (specify disease): ____

Primary Care Provider Signature _____ Date 1/10/07

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH

C55019
Chrisman Ronald

RE:   CHRISMAN, Ronald
      Date of Examination: January 17, 2007
      CDCR No: C55019

Mr. Chrisman is status post ORIF left fifth finger on October 30th. He brings in one of the pins which he states "fell out". There were 2 pins in place. However, we do not have an x-ray tech here tonight. I told him to begin some range of motion exercises to the finger which is quite stiff. I will see him back on January 29th. Hopefully we will have an x-ray tech at that time and we can get a follow up x-ray.

David G. Smith, M.D.
Diplomate, American Board of Orthopaedic Surgery
Fellow, American Academy of Orthopaedic Surgeons
Qualified Medical Examiner, State of California

DGS:seg





**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication<br>(Orders must be dated, timed, and signed.) |
|---|---|---|---|
| | | | |

ALLERGIES:

INSTITUTION *RJDCF*

ROOM/WING *1-104L*

CDC NUMBER, NAME (LAST, FIRST, MI)

*CHRISMAN*
*C55019*

Confidential
client information
See W & I Code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)

STATE OF CALIFORNIA    OSP 05  93459    DEPARTMENT OF CORRECTIONS



**Technical Services Provided by:**

**R.J. DONOVAN CORRECTIONAL FACILITY**
480 Alta Road
San Diego, CA 92179

| | |
|---|---|
| **PATIENT NAME:** | CHRISMAN, RONALD |
| **DOB:** | 07/13/59 |
| **ID#:** | C-55019 |
| **REFERRED BY:** | RICHARDS/SMITH |
| **EXAM DATE:** | 01/29/07 |

73140  LEFT LITTLE FINGER

**COMPARISON:** 12/21/06

**FINDINGS:** Surgical pins have been removed from the little left fifth finger middle phalangeal fracture site.  Fracture is healed with some deformity.

**IMPRESSION:  Healed left fifth middle phalanx fracture following pin removal.**

J Sokoloff, M.D.

D:  01/30/07
T:  01/30/07
zi/brr



**Technical Services Provided by:**

**R.J. DONOVAN CORRECTIONAL FACILITY**
480 Alta Road
San Diego, CA 92179

| | |
|---|---|
| **PATIENT NAME:** | CHRISMAN, RONALD |
| **DOB:** | 07/13/59 |
| **ID#:** | C-55019 |
| **REFERRED BY:** | NAVAMANI |
| **EXAM DATE:** | 02/22/07 |

73130 THREE VIEW LEFT HAND

**FINDINGS:** There is what is likely a healed fracture deformity of the proximal half of the fifth middle phalanx with an intraarticular extension to the PIP joint. PIP joint is markedly narrowed. Remainder of the hand is normal.

**IMPRESSION:  Healed fracture deformity, fifth middle phalanx, with secondary arthritic change, PIP joint.**

J Sokoloff, M.D.

D: 02/27/07
T: 02/27/07
zi/brr

6386 Alvarado Court, Suite 121    San Diego, CA 92120
Tel 619.229.6555    Fax 619.229.6560

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

ENTERED

| PATIENT NAME Chrisman Ronald | CDC NUMBER C55019 | INSTITUTION RJD |
|---|---|---|

| DATE OF BIRTH 7-13-1959 | EPRD DATE | GENDER M |
|---|---|---|

PRINCIPLE DIAGNOSIS Nasal septal Reconstruction / turbinate reduction 848.0    ICD-19 CODE    CPT CODE(S)

REQUESTED SERVICE(S) ENT

# OF DAYS RECOMMENDED

*Please circle all that apply:* **Diagnostic Procedure/Consultation**    **Outpatient/Inpatient**    **Initial/Follow-up**

Requested Treatment/Service is:    **EMERGENT**    **URGENT**    **ROUTINE**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: **Goodman** _____ Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant)* Pt Reconnected on Vent 3/4/2007

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc):

| REQUESTING PHYSICIAN PRINTED NAME Dr Dugan | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 5/11/07 |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 5/10/07 | Utilization management tracking # IP # 145 |
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT | |

FINDINGS: Surgery 7-20-07

RECOMMENDATIONS: _____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | Chrisman, Ronald |
| PCP SIGNATURE DUGAN, MD-RJDCF | DATE 7-26-07 | C55019 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

ORIGINAL

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)    CDC 7243 (Rev. 11/02)

STATE OF CALIFORNIA

**HEALTH CARE SERVICES**
**PHYSICIAN REQUEST FOR SERVICES**
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

DEPARTMENT OF CORRECTIONS

ENTERED

| PATIENT NAME Chrisman Ronald | CDC NUMBER C55019 | INSTITUTION RJD |
|---|---|---|

| DATE OF BIRTH 7-13-1959 | EPRD DATE | GENDER M |
|---|---|---|

| PRINCIPLE DIAGNOSIS Left 5th finger partial Amputee | ICD-9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) Surgery | | # OF DAYS RECOMMENDED |
|---|---|---|

*Please circle that all apply:* ~~Diagnostic Procedure/Consultation~~    (Outpatient/Inpatient    Initial (Follow-up)

Requested Treatment/Service is:    **EMERGENT        URGENT        (ROUTINE)**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: _Smith_ _____ Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* _____
per ortho recommendation

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME LC DUGAN | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 5/14/07 |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 5-10-07 | Utilization management tracking # UM 1474 |
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT | |

FINDINGS: _____

RECOMMENDATIONS: _____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | Chrisman, Ronald |
| PCP SIGNATURE | DATE | C55019 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

**ORIGINAL**

**PHYSICIAN REQUEST FOR SERVICES (RFS)**        **CDC 7243 (Rev. 11/02)**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED

JUN 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Ronald Chrisman**

**DEFENDANTS**

**David Smith, et al**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED **San Diego**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ronald Chrisman, Pro Se
C/O Neal Good Day Center
299 17th St.
San Diego, CA 92101

ATTORNEYS (IF KNOWN)

**'08 CV 0975 IEG LSP**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 42 U.S.C. 1983

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   Gonzalez   Docket Number   07cv2101-IEG (LSP)

DATE   6/2/2008

SIGNATURE OF ATTORNEY OF RECORD