1  Ronald Chrisman, (
2  W/Co JEAL GOOD DAY COPER
3  299 17TH ST
4  SAN DIEGO CA 92101



8              IN THE UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT

                                        '08 CV 0975 IEG LSP
11 Ronald Chrisman,           )         Civil Case #:
12          Petitioner,       )
13      v                     )         REQUEST FOR APPOINTMENT
14                            )         OF COUNSEL
15 David Smith, M.D.          )
16 et al.                     )
17          Respondents.      )

18      Petitioner is an indigent, mentally and developmentally disabled person
19 incarcerated at Richard J. Donovan Correctional Facility who has filed a
20 Civil Rights Complaint under 42 U.S.C. §1983 and, he has requested a fellow
21 incarcerated person to assist him in the preparation of this Motion, one who
22 has assisted in the filing of his Civil Rights Complaint. 42 U.S.C. §1983
23      Petitioner hereby requests that the Court appoint the Office of the
24 Federal Defender for the Southern District of California. or such other counsel
25 as the court may deem appropriate, to represent him in said Civil Rights matter
26      Therefore, due to Petitioners documented disability [Exibit #1], mental
27 illness issues [Exibit #2], and the complexity of this case, appointment of
28 counsel for the Petitioner would serve the interest of justice.

1  Petitioner states under penalty of perjury that he is indigent and
2  supplies the Court with documentation. [Exhibit #3]
3  Title 18 U.S.C. §3006A(2) states, Whenever the United States magistrate
4  of the court determines that the interest of justice so require, representation
5  may be provided for any financially eligible person." Although this applies
6  to a petitioners ability to defend a case, Title 28 U.S.C. Z1915(d) states,
7  "The court may request an attorney to represent any such person unable to
8  employ counsel...."
9  Petitioner claims his inability to read and write with complete ability,
10 coupled with his mental illness [Exhibit # 1 & 2] violate his constitutional
11 right to equal access to the courts. "Standard in applying prisoner's
12 constitutional right of access to courts is whether legal resources available
13 to prison will enable him to identify legal issues that he desires to present
14 to relevant authorities, including the courts, and to make communications
15 with and presentations to those authorities understood." Adbul-Akbar v. Watson
16 (1993) 4 F3d 195. Petitioner claims his rights are automatically violated
17 because he can not read or write very well, which make communication with
18 the Courts almost impossible.
19 Petitioner claims he is not afforded legal assistance by way of attorneys
20 or persons capable of filing Civil Rights Complaints for him at the prison.
21 "Inmate has Fourteenth Amendment right of access to adequate law library or
22 to persons trained in the law. U.S.C. Const. Amend. 14" Conner v. Sakai (1993)
23 994 F2d 1410.
24 Petitioner claims his access to courts is impeded since he is unable
25 to obtain proper documents from his prison files, and were he afforded access
26 to his prison file, he isn't able to ask for proper documents, as his abilities
27 are so impaired. "First Amendment right of court access cannot be impaired,
28 either directly or indirectly. U.S.C. Const. Amend.

1. " In re Workers Compensation Refund (1995) 46 F3d 816.

    Petitioner states his only means of access to the courts is through fellow inmates and library staff that assist with legal research but are not able or qualified to prepare his writ. "Prison's reliance upon fellow prisoners who are not trained in the law to provide legal assistance to prisoners who are functionally illiterate or whose primary language is not English does not suffice as adequate substitute for trained legal assistants. U.S.C. Const. Amends. 5, 14" Casey v. Lewis (1994) 43 F3d 1263. Petitioner again reminds the court that he is functionally illiterate and cannot read or write well enough to prepare his own legal representation.

    To facilitate the Court in rendering its judgment:

    1.  The legitimate nature of Petitioners complaint;

    2.  The complexity of the case involved.

    Petitioners request the Court obtain any necessary documents from his prison file (s) required to substantiate his disabilities and the injuries and deliberate indifference which has occurred as a result of the negligence put fourth in this petition before the court, as summarized in this petition herein.

    Petitioner prayerfully requests the court appoint to him an attorney to pursue his Civil Rights Complaint.

    I, Ronald Chrisman, declare under penalty of perjury that all the above aforementioned is true and correct.

///

/// Dated 6/2/08    *[signature]*

Ronald Chrisman