EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DAVID F. TAGLIENTI, State Bar No. 131622
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2015
 Fax: (619) 645-2012
 E-mail: David.Taglienti@doj.ca.gov

Attorneys for Defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISMAN,<br><br>                              Plaintiff,<br><br>     v.<br><br>DAVID SMITH, M. SHERIDAN, M.X. McCURTY, D. KOLUDROVIC, K. HAWTHORNE, ESCALANTE, RICHARDS, MARQUEZ, JOHN/JANE DOE, AND C. NAVAMANI,<br><br>                              Defendants. | CASE NO.: 08cv0975 IEG LSP<br><br>NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   October 6, 2008<br>Time:   10:30 a.m.<br>Courtroom:  1<br><br>Honorable Irma E. Gonzalez<br><br>ORAL ARGUMENT NOT REQUESTED |

TO PLAINTIFF, RONALD CHRISMAN, *IN PRO SE*:

PLEASE TAKE NOTICE that on October 6, 2008, at 10:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 1 of the above-entitled court, located at 880 Front Street, San Diego, California, before the Honorable Irma E. Gonzalez, United States District Judge, Defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez will move this Court for an order dismissing the Complaint on the grounds Plaintiff has not stated a claim

1

upon which relief can be granted against these moving Defendants under Federal Rule of Civil Procedure 12(b)(6).

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the papers and pleadings on file herein, and such oral and documentary evidence as shall be introduced at the time of the hearing, if any, on the motion.

## MOTION TO DISMISS

COME NOW Defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez and move this Court for an order dismissing the Complaint with prejudice on the ground Plaintiff has not stated facts sufficient to state a claim for relief against these moving Defendants under rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, these moving Defendants pray as follows:

1. That the Complaint be dismissed in its entirety with prejudice as to these moving Defendants;

2. That Plaintiff be ordered to take nothing from these moving Defendants;

3. That judgment be entered in favor of these moving Defendants; and

4. That these moving Defendants be awarded costs of suit and attorneys' fees incurred herein.

Dated: July 18, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General


/s/ David F. Taglienti
DAVID F. TAGLIENTI
Deputy Attorney General

Attorneys for Defendants David Smith,
M. Sheridan, M.X. McCurty, D. Koludrovic,
Escalante, and Marquez

80252199.wpd

EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DAVID F. TAGLIENTI, State Bar No. 131622
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2015
 Fax: (619) 645-2012
 E-mail: David.Taglienti@doj.ca.gov

Attorneys for Defendants David Smith, M. Sheridan,
M.X. McCurty, D. Koludrovic, Escalante, and
Marquez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RONALD CHRISMAN, | CASE NO.: 08cv0975 IEG LSP |
|---|---|
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) |
| v. | |
| DAVID SMITH, M. SHERIDAN, M.X. McCURTY, D. KOLUDROVIC, K. HAWTHORNE, ESCALANTE, RICHARDS, MARQUEZ, JOHN/JANE DOE, AND C. NAVAMANI, | Date: October 6, 2008<br>Time: 10:30 a.m.<br>Courtroom: 1 |
| Defendants. | Honorable Irma E. Gonzalez |

# INTRODUCTION

In this civil rights action, Plaintiff, a former state inmate proceeding *pro se*, asserts an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against Defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez, among others, stemming from inadequate and delayed medical care he allegedly received for a broken nose and broken left fifth finger suffered when he was attacked by another inmate on September 26, 2006, at Richard J. Donovan Correctional Facility (RJD).[1/] Generally, Plaintiff complains that these moving Defendants, employees of the California Department of Corrections and Rehabilitation (CDCR), knew or should have known that he was in need of immediate medical attention for his alleged injuries and failed to summon needed medical care on September 26, 2006, September 28, 2006, and July 20, 2007. (*See* Compl. ¶ (B)(1).) He also avers that, as a result of Defendants' actions or omissions, he had to suffer through two surgical procedures to repair his left fifth finger and subsequently lost that finger to amputation.[2/] (Compl. ¶ 35.)

As set out below, because Plaintiff cannot establish on the facts alleged that any of the Defendants acted with deliberate indifference to his serious medical needs within the meaning of the Eighth Amendment, the motion should be granted and the action dismissed with prejudice as to these moving Defendants.

///
///
///
///
///

---

1. This action is virtually identical to the action Plaintiff filed in 2007, while in state custody, assigned Case No. 07cv2101. As the Court will recall, on June 6, 2008, the Court granted Defendants' motion to dismiss without prejudice in Case No. 07cv2101 on the ground Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. This action immediately followed.

2. Plaintiff's CDCR medical records attached to the Complaint reflect that his fifth finger was apparently only partially amputated. (*See* Compl. 62 of 63.)

1

STATEMENT OF FACTS [3/]

On September 26, 2006, Plaintiff, then an inmate at RJD, was violently attacked by another inmate. (Compl. ¶¶ 4, 14.) In the attack, Plaintiff suffered two blackened eyes, a broken nose, and a broken fifth finger on his left hand. (Compl. ¶ 14.) After the assault, Plaintiff was taken to see Defendant M. Sheridan (MTA Sheridan), a Medical Technical Assistant at RJD, for an initial examination, cursory inspection, and determination of whether Plaintiff was in need of a medical doctor. (Compl. ¶ 18.) During the examination, Plaintiff complained of, among other things, severe pain in his face and left hand, and also reported that his left fifth finger was extremely swollen, very painful, and obviously fractured. He also stated that his nose was caved in on one side, bleeding, lacerated, fractured, and painful, and commented on his need to see a medical doctor. (Compl. ¶ 18.) MTA Sheridan and Defendant M. McCurty (CO McCurty), a Correctional Counselor at RJD who was also present during the examination, looked at each other and "kind of chuckled" and said nothing until Plaintiff remarked that "my finger and nose are broken." CO McCurty replied, "It looks like it." (Compl. ¶ 18.) MTA Sheridan took some cursory notes for the CDCR form 7219, "Medical Report of an Injury or Unusual Occurrence," she was filling out and after completing the form said, "Okay, you can go back now." (Compl. ¶ 18.) Plaintiff was shocked and replied, "I need medical attention" and pain relief. (Compl. ¶ 19.) MTA Sheridan stated with disdain, "Sign up for sick call." Plaintiff pleaded with her and CO McCurty to permit him to see a doctor for treatment and pain relief, stating, "I hurt all over, my finger is broken and my nose feels broken also."

---

3. The statement of facts is drawn form the allegations in the complaint and the facts adduced from the documents Plaintiff has attached to the Complaint, including what appears to be part of his CDCR medical file. While the scope of review on a motion to dismiss for failure to state a claim is generally limited to the contents of the Complaint, *see Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003), the court may also consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Warren*, at 1141 n.5; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n.3 (2d Cir. 2002). The court may treat such evidence as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1  (Compl. ¶ 19.) MTA Sheridan became impatient and upset and said, "No doctor. Go back to your
2  building." (Compl. ¶ 20.) Plaintiff protested and refused to return to his building without treatment
3  or seeing a doctor. (Compl. ¶ 20.) In response to Plaintiff's protestations, CO McCurty became
4  angry and told Plaintiff, "You're done, now go lock up." (Compl. ¶ 21.) While continuing to
5  protest, Plaintiff returned to his housing unit and asked the floor correctional officer there if he could
6  see Defendant D. Koludrovic (Sgt. Koludrovic), a Program Sergeant, because he was being left to
7  suffer in severe pain.[4/] (Compl. ¶ 22.)

8  The following day, Plaintiff went directly to the Facility One Clinic at RJD to request
9  treatment and pain relief. There, he advised Defendant Escalante (CO Escalante), a Correctional
10  Officer at RJD, that he was in extreme pain and had a broken nose and broken finger. (Compl. ¶ 23.)
11  CO Escalante told Plaintiff to "Come back tomorrow." (Compl. ¶ 24.) The next day, September
12  28, 2006, Plaintiff returned to the Facility One Clinic, as CO Escalante had instructed, and was seen
13  by Defendant Dr. Richards.[5/] (Compl. ¶ 26.) Records attached to the Complaint reveal that Plaintiff
14  was seen in the Facility One Clinic by Defendant Marquez (RN Marquez), a registered nurse at RJD.
15  During the examination, Plaintiff reported lower back pain and an injury to left fifth finger, which
16  appeared bruised. Plaintiff apparently said nothing about a broken nose. (*See* Compl. 46 of 63.)
17  RN Marquez noted that Plaintiff reported chronic low-back pain and was requesting pain
18  medication. Plaintiff also apparently reported muscle spasms, numbness, and tingling. RN Marquez
19  described the reason for the examination as "routine," not "urgent" and noted the Plaintiff was given
20  pain medication and put on limited activity. (*Id.* at 46.) She further noted that an X-ray of
21  Plaintiff's left fifth finger was ordered by Dr. Richardson and referred Plaintiff for a follow-up in
22  the Physician's clinic in two weeks. (Compl. 46 and 47 of 63.)

23  An X-ray taken on October 5, 2006, revealed a "mildly displaced fracture at the base of
24  the fifth middle phalanx extending into the fifth PIP. There is mild dorsal displacement." (Compl.
25  48 of 63.) On or about October 28, 2006, about three weeks later, plaintiff was seen by Defendant

---

4. It is unclear what, if any, contact Plaintiff had with Sgt. Koludrovic after he requested to see him, as the Complaint is silent on the topic.

5. Dr. Richards has apparently not as yet been served, and he is not a party to this motion.

David Smith, M.D. (Dr. Smith), a contract physician working through Alvarado Hospital in San Diego, and during the examination consented to an open reduction and internal fixation of the fifth finger fracture. (Compl. 50 of 63.) Dr. Smith apparently successfully performed the procedure two days later on October 30, 2006, at Alvarado Hospital.[6] (Compl. 51 and 57 of 63.)

ARGUMENT

I. STANDARD ON MOTION TO DISMISS

The court in ruling on a motion to dismiss under Federal Rule of Civil Procedure must accept as true the facts alleged in the complaint. *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986). While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated General Contractors of America v. Metropolitan Water Dist. of Southern California*, 159 F.3d 1178, 1181 (9th Cir. 1998). Although a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), dismissal is appropriate where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Further, where, as here, the plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The court may not, however, "supply essential elements of the claim that were not initially pled" in giving the complaint a liberal interpretation. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///
///
///

---

6. Although Plaintiff alleges Dr. Smith was responsible for two surgeries on his fifth finger in July 2007, he does not allege any specific facts about those surgeries, nor does he allege they were performed incompetently or with indifference to his medical needs. (*See* Compl. ¶ 12.)

1  II. THE MERITS

2  A. PLAINTIFF'S EIGHTH AMENDMENT CLAIM SHOULD BE DISMISSED AS TO THESE MOVING DEFENDANTS INASMUCH AS NONE OF THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS ON THE FACTS ALLEGED IN THE COMPLAINT

To prove a violation of the proscription against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, an inmate must demonstrate that the defendants acted with a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106. To establish deliberate indifference, "an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The defendant must purposefully ignore or fail to respond to a prisoner's pain or medical need. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, *WMX Technologies., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A plaintiff must show that the prison official was aware of facts from which an inference of substantial risk of serious harm could be drawn and that the official actually drew the inference but failed to act. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Mere inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Neither does a difference of medical opinion between the inmate and prison medical authorities regarding a diagnosis and/or treatment give rise to a claim for deliberate indifference. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The Constitution simply does not require that prisoners be given every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Nor does the Constitution grant an inmate an independent constitutional right to outside medical care additional and supplemental to the care provided by prison medical staff. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986). Furthermore, while deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988),

where the claim alleges a delay in treatment, the inmate must demonstrate that the delay was harmful. *Wood*, 900 F.2d at 1335; *see also Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981); *Estelle*, 429 U.S. at 107; *cf. Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . .").

        1.   <u>Claim as to Dr. Smith</u>

As reflected in the medical records appended to the Complaint, Dr. Smith examined Plaintiff on October 28, 2006, and obtained his consent to an open reduction and internal fixation of the fifth finger fracture. Two days later, Dr. Smith performed the procedure at Alvarado Hospital, apparently successfully. Moreover, although Plaintiff also alleges that Dr. Smith was responsible for two surgeries involving his fifth finger in July 2007, he does not allege that Dr. Smith performed the procedure incompetently or with deliberate indifference to his medical needs. On these alleged facts, Plaintiff simply cannot prove that Dr. Smith purposefully ignored or failed to respond to his pain or medical need, *see McGuckin*, 974 F.2d at 1060, or was aware of facts from which an inference of substantial risk of serious harm could be drawn and that the official actually drew the inference but failed to act. *Toguchi*, 391 F.3d at 1058.

Additionally, to the extent Plaintiff seeks to impose liability on Dr. Smith for his actions as an alleged supervisor, the claim must fall. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). For a supervisor to be liable in his personal capacity, the plaintiff must establish that the supervisor directly participated in the challenged conduct or set in motion a series of acts by others which he knew or had reason to know would cause others to inflict the constitutional injury. *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Supervisor liability must be based on more than merely the right to control employees. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694, n.58 (1978).

While Plaintiff alleges what his belief is as to the duties and responsibilities of a contract

physician like Dr. Smith, Plaintiff fails to allege with any specificity, whatever, any wrongful conduct by Dr. Smith. Neither does he allege that Dr. Smith was personally involved in or connected in any way to the medical care provided by any of the other Defendants. Plaintiff's section 1983 claim against Dr. Smith should, therefore, be dismissed with prejudice.

### 2. Claim as to MTA Sheridan

Following the assault on September 26, 2006, Plaintiff was taken to see MTA Sheridan for an initial examination and determination of whether Plaintiff was in need of a medical doctor. During the examination, Plaintiff complained of, among other things, severe pain in his face and left hand, and also reported that his left fifth finger was extremely swollen, very painful, and obviously fractured. He also stated that his nose was caved in on one side, bleeding, lacerated, fractured, and painful, and commented on his need to see a medical doctor. MTA Sheridan and CO McCurty, who was also present during the examination, looked at each other and "kind of chuckled" and said nothing until Plaintiff remarked that "my finger and nose are broken." CO McCurty replied, "It looks like it." MTA Sheridan took some cursory notes for the CDCR form 7219, "Medical Report of an Injury or Unusual Occurrence," she was filling out and after completing the form said, "Okay, you can go back now." Plaintiff was shocked and replied, "I need medical attention" and pain relief. MTA Sheridan stated with disdain, "Sign up for sick call." Plaintiff pleaded with her and CO McCurty to permit him to see a doctor for treatment and pain relief, stating, "I hurt all over, my finger is broken and my nose feels broken also." MTA Sheridan became impatient and upset and said, "No doctor. Go back to your building." On these alleged facts, the claim necessarily fails as to Sheridan.

Preliminarily, "[d]iscourtesy" does not rise to the level of an Eighth Amendment violation. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail to state a claim cognizable under § 1983); *Rutledge v. Ariz. Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state

constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

Neither can Plaintiff demonstrate that MTA Sheridan purposefully ignored or failed to respond to his pain or medical need, *see McGuckin*, 974 F.2d at 1060, or was aware of facts from which an inference of substantial risk of serious harm could be drawn and that the official actually drew the inference but failed to act. *Toguchi*, 391 F.3d at 1058. Conversely, during the examination on September 26, 2006, MTA Sheridan took at least some cursory notes and completed a CDCR 7219, documenting Plaintiff's medical complaints and, after completing the form, advised Plaintiff, "Okay, you can go back now." Further, in response to Plaintiff's continued protestations that he needed to see a doctor and pain relief, MTA Sheridan encouraged Plaintiff to "Sign up for sick call." While perhaps not to Plaintiff's liking, MTA Sheridan's conduct is not enough to rise to the level of deliberate indifference within the meaning of the Eighth Amendment. The Constitution does not require that a prisoner be given every medical treatment they desire, *Bowring*, 551 F.2d at 47-48, nor does it grant an inmate an independent constitutional right to outside medical care additional and supplemental to the care provided by prison medical staff. *See Roberts*, 783 F.2d at 870. Furthermore, while deliberate indifference may appear when a prison official denies, delays or intentionally interferes with medical treatment, *see Hutchinson*, 838 F.2d at 394, where the claim alleges a delay in treatment, the inmate must demonstrate that the delay was harmful. *Wood*, 900 F.2d at 1335; *see also Randall*, 642 F.2d at 308; *Estelle*, 429 U.S. at 107; *cf. Shapley*, 766 F.2d at 407 ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . ."). No such showing is or can be made here. After the examination by MTA Sheridan, Plaintiff returned to his housing unit where he apparently spent the night in pain and without sleep, but otherwise without incident, and the very the next day went directly to the Facility One Clinic to request treatment and pain relief. When he was advised to "come back tomorrow," Plaintiff returned to his housing unit, where he apparently again spent the night in pain and without sleep, but otherwise without incident, and the following day, September 28, 2006, returned to the Facility One Clinic, where he was seen by Defendants Dr. Richards and RN Marquez and received, inter alia, pain medication and an order limiting his activity. On these facts, Plaintiff simply cannot

1 demonstrate that the delay in medical treatment he ascribes to MTA Sheridan was harmful to him
2 and amounted to deliberate indifference within the meaning of the Eighth Amendment.
3 Accordingly, the Complaint as to MTA Sheridan should be dismissed with prejudice.

    3.   <u>Claim as to CO McCurty</u>

Plaintiff alleges that when he refused to return to his housing unit at the conclusion of his examination by MTA Sheridan on September 26, 2006, CO McCurty, who was present during the examination, became angry and told Plaintiff, "You're done, now go lock up." CO McCurty's order by itself is not enough to support a section 1983 claim. *See Burton*, 791 F.2d at 99 ("mere words, without more, do not invade a federally protected right"). Furthermore, assuming the statement can somehow be linked to the delivery of Plaintiff's medical care, it is settled the Constitution does not require that prisoners be given every medical treatment they desire, *Bowring*, 551 F.2d at 47-48, or grant an inmate an independent constitutional right to outside medical care additional and supplemental to the care provided by prison medical staff. *See Roberts*, 783 F.2d at 870. Further, while deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, *Hutchinson*, 838 F.2d at 394, where the claim alleges a delay in treatment, the inmate must demonstrate that the delay was harmful. *Wood*, 900 F.2d at 1335; *see also Randall*, 642 F.2d at 308; *Estelle*, 429 U.S. at 107; *cf. Shapley*, 766 F.2d at 407 ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . ."). No such showing is or can be made here as to this moving Defendant. As set out above, after he was examination by MTA Sheridan, Plaintiff returned to his housing unit where he apparently spent the night in pain and without sleep, but otherwise without incident, and the very the next day went directly to the Facility One Clinic to request treatment and pain relief. When he was advised to "come back tomorrow," Plaintiff returned to his housing unit, where he apparently again spent the night in pain and without sleep, but otherwise without incident, and the following day, September c28, 2006, returned to the Facility One Clinic, where he was seen by Defendants Dr. Richards and RN Marquez and received, inter alia, pain medication and an order limiting his activity. On these facts, Plaintiff cannot establish a claim of deliberate indifference as to CO McCurty. Accordingly, the Motion to Dismiss as to CO McCurty should be granted with prejudice.

#### 4. Claim as to Sgt. Koludrovic

Plaintiff alleges that, after he returned to his housing unit following the examination by MTA Sheridan on September 26, 2006, he asked the floor correctional officer there to see Sgt. Koludrovic because he was being left to suffer in severe pain. Conspicuously missing from the Complaint is any allegation that Plaintiff ever made contact with Sgt. Kolodrovic in light of the request, or that Sgt Kolodrovic was ever made aware of Plaintiff's medical condition or complaints that day or any other day. On the facts alleged in the Complaint, the claim necessarily fails as to Sgt. Koludrovic. As a prerequisite to any civil rights action under 42 U.S.C. § 1983, a plaintiff must show personal involvement by the defendant in the alleged incidents forming the constitutional injury. *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975). There is no vicarious liability under a theory of respondeat superior in a section 1983 action. *Monell*, 436 U.S. at 692; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). To succeed on the claim, a plaintiff must allege personal acts by the defendant which have a direct causal connection to the constitutional violations at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986). In the absence of these essential allegations, the motion should be granted and the Complaint dismissed with prejudice as to Sgt. Koludrovic.

#### 5. Claim as to CO Escalante

Plaintiff alleges that he went to the Facility One Clinic to request treatment and pain relief on September 27, 2006, the day after he was seen and examined by MTA Sheridan, he advised CO Escalante that he was in extreme pain and had a broken nose and finger. Escalante replied, "Come back tomorrow." On these facts alone, Plaintiff cannot establish a claim of deliberate indifference against CO Escalante. *See Burton*, 791 F.2d at 99 ("mere words, without more, do not invade a federally protected right"). Further, while deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, *Hutchinson*, 838 F.2d at 394, where the claim alleges a delay in treatment, the inmate must demonstrate that the delay was harmful. *Wood*, 900 F.2d at 1335; *see also Randall*, 642 F.2d at 308; *Estelle*, 429 U.S. at 107; *cf. Shapley*, 766 F.2d at 407 ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . ."). No such showing is or can be made here as to CO Escalante.

Indeed, as CO Escalante directed, Plaintiff returned to the Facility One Clinic the very next day and was treated there by RN Marquez and Dr. Richards. Therefore, the Complaint should be dismissed with prejudice at to CO Escalante.

### 6. Claim as to RN Marquez

Although Plaintiff alleges very little against RN Marquez, and then only in vague and conclusory language (*see* Compl. ¶ 11), Plaintiff's medical records attached to the Complaint reveal that Plaintiff was seen by RN Marquez in the Facility One Clinic on September 28, 2006. During the examination, Plaintiff reported an injury to his left fifth finger, which appeared bruised, and lower back pain, but said nothing about a broken nose. Plaintiff also apparently reported muscle spasms, numbness, and tingling. RN Marquez noted that Plaintiff was requesting pain medication and gave him pain medication and put him on limited activity. RN Marquez further wrote that an X-ray of Plaintiff's left fifth finger had been ordered by Dr. Richardson and referred Plaintiff for a follow-up visit in the Physician's clinic in two weeks. Based on these facts, Plaintiff cannot demonstrate that RN Marquez purposefully ignored or failed to respond to his pain or medical need, *see McGuckin*, 974 F.2d at 1060, or was aware of facts from which an inference of substantial risk of serious harm could be drawn and that RN Marquez actually drew the inference, but failed to act. *Toguchi*, 391 F.3d at 1058. In fact, just the opposite as she examined Plaintiff on September 28, 2006, documenting his complaints and providing medical treatment. Indeed, Furthermore, the Constitution does not require that prisoners be given every medical treatment they desire, *Bowring*, 551 F.2d at 47-48, or grant an inmate an independent constitutional right to outside medical care additional and supplemental to the care provided by prison medical staff. *See Roberts*, 783 F.2d at 870. Thus, Plaintiff's Eighth Amendment claim against RN Marquez should be dismissed with prejudice.

///
///
///
///
///

## CONCLUSION

For the foregoing reasons, Defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez respectfully request this Court grant the Motion to Dismiss and dismiss the Complaint with prejudice as to these moving Defendants.

Dated: July 18, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        KRISTIN G. HOGUE
        Supervising Deputy Attorney General


        /s/ David F. Taglienti
        DAVID F. TAGLIENTI
        Deputy Attorney General

        Attorneys for Defendants David Smith,
        M. Sheridan, M.X. McCurty, D. Koludrovic,
        Escalante, and Marquez

80252198.wpd

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
|     I.   STANDARD ON MOTION TO DISMISS | 4 |
|     II.  THE MERITS | 5 |
|         A.  PLAINTIFF'S EIGHTH AMENDMENT CLAIM SHOULD BE DISMISSED AS TO THESE MOVING DEFENDANTS INASMUCH AS NONE OF THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS ON THE FACTS ALLEGED IN THE COMPLAINT | 5 |
|             1.  Claim as to Dr. Smith | 6 |
|             2.  Claim as to MTA Sheridan | 7 |
|             3.  Claim as to CO McCurty | 9 |
|             4.  Claim as to Sgt. Koludrovic | 10 |
|             5.  Claim as to CO Escalante | 10 |
|             6.  Claim as to RN Marquez | 11 |
| CONCLUSION | 12 |

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Associated General Contractors of America v. Metropolitan Water Dist. of Southern California*
159 F.3d 1178 (9th Cir. 1998) ... 4

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) ... 4

*Bowring v. Godwin*
551 F.2d 44 (4th Cir. 1977) ... 5, 8, 9, 11

*Branch v. Tunnell*
14 F.3d 449 (9th Cir. 1994) ... 2

*Burton v. Livingston*
791 F.2d 97 (8th Cir. 1986) ... 7, 9, 10

*Chambers v. Time Warner, Inc.*
282 F.3d 147 (2d Cir. 2002) ... 2

*Conley v. Gibson*
355 U.S. 41 (1957) ... 4

*Estelle v. Gamble*
429 U.S. 97 (1976) ... 5, 6, 8-10

*Franklin v. State of Or., State Welfare Division*
662 F.2d 1337 (9th Cir. 1981) ... 5

*Freeman v. Arpaio*
125 F.3d 732 (9th Cir. 1997) ... 7

*Galbraith v. County of Santa Clara*
307 F.3d 1119 (9th Cir. 2002) ... 2

*Hansen v. Black*
885 F.2d 642 (9th Cir. 1989) ... 6

*Hutchinson v. U.S.*
838 F.2d 390 (9th Cir. 1988) ... 5, 8-10

*Ivey v. Board of Regents of the Univ. of Alaska*
673 F.2d 266 (9th Cir. 1982) ... 4

*Jackson v. McIntosh*
90 F.3d 330 (9th Cir. 1996) ... 5

*Johnson v. Duffy*
588 F.2d 740 (9th Cir. 1978) ... 6

**TABLE OF AUTHORITIES  (continued)**

                                                                                                **Page**

*Karim-Panahi v. Los Angeles Police Dept.*
839 F.2d 621 (9th Cir. 1988) ............................................................................ 4

*Keenan v. Hall*
83 F.3d 1083 (9th Cir. 1996)
*amended* 135 F.3d 1318 (9th Cir. 1998) ........................................................ 7

*McGuckin v. Smith*
974 F.2d 1050 (9th Cir. 1992) ............................................................... 5, 6, 8, 11

*McRorie v. Shimoda*
795 F.2d 780 (9th Cir. 1986) ............................................................................ 6

*Monell v. Department of Social Services of City of New York*
436 U.S. 658 (1978) ....................................................................................... 6, 10

*Oltarzewski v. Ruggiero*
830 F.2d 136 (9th Cir. 1987) ............................................................................ 7

*Palmer v. Sanderson*
9 F.3d 1433 (9th Cir. 1993) ............................................................................. 10

*Randall v. Wyrick*
642 F.2d 304 (8th Cir. 1981) ........................................................................... 6, 8-10

*Roberts v. Spalding*
783 F.2d 867 (9th Cir. 1986) ........................................................................... 5, 8, 9, 11

*Rutledge v. Ariz. Board of Regents*
660 F.2d 1345, 1353 (9th Cir. 1981)
*aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983) .................................. 7

*Sanchez v. Vild*
891 F.2d 240 (9th Cir. 1989) ............................................................................ 5

*Sanders v. Kennedy*
794 F.2d 478 (9th Cir. 1986) ............................................................................ 10

*Shah v. County of Los Angeles*
797 F.2d 743 (9th Cir. 1986) ............................................................................ 4

*Shapley v. Nevada Bd. of State Prison Com'rs*
766 F.2d 404 (9th Cir. 1985) ............................................................................ 6, 8-10

*Thompkins v. Belt*
828 F.2d 298 (5th Cir. 1987) ............................................................................ 6

*Toguchi v. Chung*
391 F.3d 1051 (9th Cir. 2004) .......................................................................... 5, 6, 8, 11

*U.S. v. Ritchie*
342 F.3d 903 (9th Cir. 2003) ............................................................................ 2

## TABLE OF AUTHORITIES (continued)

**Page**

*Warren v. Fox Family Worldwide, Inc.*
328 F.3d 1136 (9th Cir. 2003) .......................................................................... 2

*Wilson v. Seiter*
501 U.S. 294 (1991) ......................................................................................... 5

*WMX Technologies., Inc. v. Miller*
104 F.3d 1133 (9th Cir. 1997) (en banc) ......................................................... 5

*Wood v. Housewright*
900 F.2d 1332 (9th Cir. 1990) ............................................................... 5, 6, 8-10

**Constitutional Provisions**

United States Constitution
    Eighth Amendment ............................................................................. 1, 5, 7-9, 11

**Statutes**

United States Code, title 42
    § 1983 ......................................................................................... 1, 7, 9, 10
    § 1997e ......................................................................................... 1

# CERTIFICATE OF SERVICE BY U.S. MAIL

Court Name: U.S.D.C., Southern District of California
Case Name: CHRISMAN v. SMITH
Case No.: 08cv0975 IEG (LSP)

I, the undersigned, declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 18, 2008, I served the following documents:

**NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Ronald Chrisman
C-55019
c/o Neal Good Day Center
299 17th St.
San Deigo, CA 92101
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 18, 2008, at San Diego, California.

Tammy Larson
Declarant

SD2008801557
80261672.wpd