# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISMAN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>DAVID SMITH, et al.<br><br>　　　　　　　　　　Defendants. | CASE NO. 08CV975-IEG-LSP<br><br>ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

Before the Court is the Rule 12(b)(6) motion to dismiss of defendants David Smith, M. Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez.[1] (Doc. 6.) Plaintiff asserts an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983, stemming from alleged inadequate and delayed medical care for a broken nose and a broken finger.

Plaintiff filed an opposition. (Doc. 15.) Defendant did not file a reply. Pursuant to Local Civil Rule 7.1, this matter is amenable to disposition without oral argument.

**FACTUAL BACKGROUND**

Plaintiff's complaint alleges the following. On September 26, 2006, a fellow inmate attacked plaintiff at Richard J. Donovan Correctional Facility (R.J.D.). (Compl. ¶¶ 4, 14.) In the attack, plaintiff suffered two blackened eyes, a broken nose, and a broken fifth finger on his left hand. (Compl. ¶ 14.) Correctional staff took plaintiff to Defendant M. Sheridan (MTA Sheridan), a Medical Technical Assistant at R.J.D., for an initial examination, a cursory inspection, and a determination

---

[1] Defendants K. Hawthorne, Dr. Richards, and Navamani did not join this motion.

whether plaintiff needed a medical doctor. (Compl. ¶ 18.) During the examination, plaintiff requested a doctor, complained of severe facial pain, reported the fracture of his left fifth finger, and stated his nose was "caved in on one side." (Compl. ¶ 18.) MTA Sheridan and Defendant M.X. McCurty, a Correctional Counselor present during the examination, looked at each other and "kind of chuckled." Plaintiff then remarked, "my finger and nose are broken." M.X. McCurty replied, "It looks like it." (Compl. ¶ 18.)

MTA Sheridan completed a form entitled "Medical Report of an Injury or Unusual Occurrence" and said, "Okay, you can go back now." (Compl. ¶ 18.) Plaintiff reiterated his request for medical attention, to which MTA Sheridan replied, "Sign up for sick call." (Compl. ¶ 19.) Plaintiff again pleaded for permission to see a doctor, stating, "I hurt all over, my finger is broken and my nose feels broken also." (Compl. ¶ 19.) MTA Sheridan became impatient and stated, "No doctor. Go back to your building." (Compl. ¶ 20.) Plaintiff protested and refused to return to his building without treatment. In response, M.X. McCurty angrily told plaintiff, "You're done, now go lock up." (Compl. ¶ 21.) Plaintiff returned to his housing unit and asked the floor correctional officer to see Defendant D. Koludrovic (Sgt. Koludrovic), a Program Sergeant, about his severe pain. (Compl. ¶ 22.)

The following day, plaintiff went to the Facility One Clinic at R.J.D. and requested treatment and pain relief. There, he notified Defendant Escalante (CO Escalante), a Correctional Officer at R.J.D. of his extreme pain, broken nose, and broken finger. (Compl. ¶ 23.) CO Escalante told plaintiff, "Come back tomorrow." (Compl. ¶ 24.)

On September 28, 2006, February 22, 2007 and June 8, 2007 Plaintiff returned to the Facility One Clinic requesting treatment for his broken nose and finger. On these visits, Defendants Dr. Richards and Dr. Navamani allegedly "did absolutely nothing meaningful." (Compl. ¶¶ 26, 29, 31.) Subsequently, Defendant Dr. Smith performed two surgeries on plaintiff's finger. (Compl. ¶ 12.)

Plaintiff alleges these actions constituted deliberate indifference and caused him to suffer two surgeries, permanent facial disfigurement, amputation of his finger, and psychological problems.

## LEGAL STANDARDS

**I.  Motion to Dismiss**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the

1  claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th
2  Cir. 2001). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual
3  allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face."
4  Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007).

5        In deciding a motion to dismiss for failure to state a claim, the court's review is limited to the
6  contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom
7  Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must
8  accept all factual allegations pled in the complaint as true, and must construe them and draw all
9  reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co.,
10 80 F.3d 336, 337-38 (9th Cir.1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir.1995) (citing Usher v.
11 City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In spite of the deference the court is bound
12 to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can
13 prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v.
14 California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court is not required
15 to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions
16 of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
17 2001); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

18       A court may dismiss a complaint without granting leave to amend only if it appears with
19 certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ.
20 P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight
21 Systems, Inc., 957 F.2d 655, 658 (9th Cir.1992); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988);
22 Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to
23 amend should be granted unless the court determines that the allegation of other facts consistent with
24 the challenged pleading could not possibly cure the deficiency.").

25 **II.  Eighth Amendment Claim**

26       The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton
27 infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S.
28 153, 173 (1976)). Prison officials violate a prisoner's Eighth Amendment right to be free from cruel

1  and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs.
2  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).
3  To evaluate deliberate indifference, the court focuses on the seriousness of the prisoner's
4  medical needs and the nature of the defendants' response to those needs. See McGuckin v. Smith, 974
5  F.2d 1050, 1059 (9th Cir. 1992), overrruled on other grounds by WMX Techs., Inc. v. Miller, 104
6  F.3d 1133 (9th Cir. 1997) (en banc). A serious medical need is "an injury that a reasonable doctor or
7  patient would find important and worthy of comment or treatment." McGuckin, 974 F.2d at 1059.
8  In cases involving delay of treatment, "the fact that an individual sat idly by as another human being
9  was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of
10 callousness and deliberate indifference . . .." Id. (citing Estelle, 429 U.S. at 106).

11 Further, the prisoner must allege harm caused by the deliberate indifference. A mere delay in
12 treatment does not constitute a violation of the Eighth Amendment, unless the delay or denial was
13 harmful. See McGuckin, 974 F.2d at 1060. The Eighth Amendment is violated if "delays occurred
14 to patients with problems so severe that delays would cause significant harm and that Defendants
15 should have known this to be the case." Hallett, 287 F.3d at 1206.

**DISCUSSION**

**I.    Dr. Smith**

Plaintiff alleges Dr. Smith performed two surgeries on plaintiff's fifth finger on his left hand. Plaintiff also alleges Dr. Smith has a supervisory role as R.J.D.'s contract-doctor at the hospital.

A.    Parties' Arguments

Defendants argue plaintiff failed to allege Dr. Smith performed the surgeries incompetently or with deliberate indifference. Additionally, defendants note Dr. Smith is not liable for his actions as an alleged supervisor.

Plaintiff argues, in his opposition, Dr. Smith failed to provide adequate post-surgery medication and follow-up appointments. Additionally, plaintiff argues in his opposition, Dr. Smith performed the amputation of the finger incompetently.

B.  Analysis

In deciding a motion to dismiss for failure to state a claim, the court's review is limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Accordingly, the Court does not consider exhibits appended to the complaint or subsequent filings when evaluating a motion to dismiss. In his complaint, plaintiff alleges Dr. Smith "was responsible for surgery on two occasions on plaintiff's fifth finger." (Compl. ¶ 12.) However, in his *complaint*, plaintiff does not allege the surgery was incompetent or performed with deliberate indifference.

Furthermore, plaintiff fails to state a claim based on David Smith's supervisory role. A supervisor is only liable if (1) he was personally involved in the constitutional deprivation, or (2) there exists "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Here, plaintiff alleges Dr. Smith had supervisory responsibilities, but does not allege any wrongful conduct by Dr. Smith, personal involvement by Dr. Smith, or a connection between Dr. Smith and the alleged constitutional violation. Accordingly, the Court **GRANTS,** without prejudice, the motion to dismiss as to Dr. Smith.

**II.  MTA Sheridan**

Following the September 26, 2006 assault, MTA Sheridan conducted an initial determination whether Plaintiff needed a doctor. Plaintiff complained of severe pain in his face, reported a fracture in his left fifth finger, stated his nose was caved in, and requested a doctor. MTA Sheridan "chuckled," but otherwise remained silent until Plaintiff remarked, "my finger and nose are broken." MTA Sheridan completed an incident report form and said, "Okay, you can go back now." Plaintiff reiterated his request for medical attention, to which MTA Sheridan replied, "Sign up for sick call." Plaintiff asked to see a doctor for treatment, stating, "I hurt all over, my finger is broken and my nose feels broken also." MTA Sheridan became impatient and said, "No doctor. Go back to your building."

A.  Parties' Arguments

Defendants argue MTA Sheridan's discourtesy was not an Eighth Amendment violation. Additionally, defendants argue plaintiff cannot demonstrate MTA Sheridan was deliberately indifferent because MTA Sheridan completed the required evaluation, regardless of whether plaintiff desired additional medical care. Finally, defendants argue plaintiff fails to allege the delay was

harmful.

Plaintiff argues MTA Sheridan knew of plaintiff's pain and need for medical attention, but chose to ignore his pleas. Furthermore, plaintiff argues, he alleged this delay in medical care resulted in facial reconstruction surgery, two surgeries on his finger, and amputation of his finger.

### B.     Analysis

To survive a motion to dismiss, an inmate must allege both serious medical need and deliberate indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Clearly, plaintiff alleges serious medical need; therefore, the Court's analysis turns to the deliberately indifferent prong. This prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.

Plaintiff alleges facts satisfying both prongs of the test. First, plaintiff alleges MTA Sheridan knew of his condition because she conducted an examination, heard plaintiff's plea for a doctor, and recorded plaintiff's complaints of excessive pain. Notwithstanding these pleas, MTA Sheridan failed to summon medical attention or offer pain relief. Instead, she said, "No doctor. Go back to your building." Plaintiff also satisfies the second prong by alleging this indifference delayed medical care, exacerbated his injury, and caused him to suffer surgery and amputation. Accordingly, the Court **DENIES** defendants' motion to dismiss as to MTA Sheridan.

## III.    M.X. McCurty

Plaintiff alleges when he refused to return to his housing unit after MTA Sheridan's examination, M.X. McCurty, became angry and told Plaintiff, "You're done, now go lock up."

### A.     Parties' Arguments

Defendants argue M.X. McCurty's order is insufficient to support a § 1983 claim. Furthermore, defendants argue, even if the order constituted a denial of medical care, plaintiff was not entitled to the requested care. Finally, defendants argue plaintiff failed to demonstrate the delay was harmful.

Plaintiff argues M.X. McCurty denied him medical care. He further argues, the delay was harmful because it resulted in facial disfigurement, two surgeries, and the amputation of a finger.

### B.     Analysis

1  The Court finds M.X. McCurty's statement is not enough to support a section 1983 claim.
2  Applying the Ninth Circuit's two prong test, plaintiff alleges serious medical need, but has failed to
3  allege deliberate indifference. Deliberate indifference requires "(a) a purposeful act or failure to
4  respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett,
5  439 F.3d at 1096. Plaintiff does not allege facts to support his contention M.X. McCurty failed to
6  respond to his pain. In contrast to MTA Sheridan, M.X. McCurty did not deny plaintiff access to
7  medical care. In fact, he *did* respond to plaintiff's pain by ensuring a medical professional, MTA
8  Sheridan, had attended to plaintiff. Therefore, the Court **GRANTS,** without prejudice, the motion to
9  dismiss as to M.X. McCurty.

10  **IV.  Sgt. Koludrovic**

11  Plaintiff alleges, following MTA Sheridan's examination, he returned to his housing unit,
12  where he asked the floor correctional officer to see Sgt. Koludrovic.

13  A.  Parties' Arguments

14  Defendants argue plaintiff fails to allege he made contact with Sgt. Koludrovic, Sgt.
15  Koludrovic knew of plaintiff's request, or Sgt. Koludrovic acted or failed to act. Accordingly,
16  defendants argue, the claim fails the "personal involvement" requirement of 42 U.S.C. § 1983.

17  Plaintiff does not respond to this argument.

18  B.  Analysis

19  Plaintiff fails to state a claim against Sgt. Koludrovic. Alleging "personal involvement" in the
20  constitutional deprivation is a prerequisite of any civil rights action under 42 U.S.C. § 1983. See
21  Milton v. Nelson, 527 F.2d 1158, 1159 (9th Cir. 1975). The plaintiff must allege personal acts directly
22  caused the constitutional violations at issue. See Sanders v. Kennedy, 794 F.2d 478, 483 (9th Cir.
23  1986). Here, plaintiff fails to allege any personal acts committed by Sgt. Koludrovic. Absent these
24  essential allegations, the Court **GRANTS**, without prejudice, defendants' motion to dismiss as to Sgt.
25  Koludrovic.

26  **V.  CO Escalante**

27  On September 27, 2007, plaintiff sought medical care at the Facility One Clinic and notified
28  CO Escalante of his pain, broken nose, and broken finger. CO Escalante said, "Come back tomorrow."

### A. Parties' Arguments

Defendants argue CO Escalante's statement, by itself, is not enough to support a section 1983 claim. Furthermore, defendants argue, even if the statement can be linked to a denial of medical care, plaintiff was not entitled to the requested care. Finally, defendants argue plaintiff has not demonstrated the delay was harmful.

Plaintiff argues CO Escalante's order was a denial of medical care. He further argues, the delay resulted in facial disfigurement, two finger surgeries, and the amputation of a finger.

### B. Analysis

Plaintiff sufficiently alleges CO Escalante was deliberately indifferent. Deliberate indifference requires "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. Plaintiff alleges CO Escalante knew of his injury and failed to respond to plaintiff's pain by stating "come back tomorrow." Allegedly, CO Escalante could have granted plaintiff access to the Facility One Clinic, but denied access. Furthermore, plaintiff alleges CO Escalante's actions caused harm, including facial disfigurement, two finger surgeries, and a finger amputation. Accordingly, the Court **DENIES** defendants' motion to dismiss as to CO Escalante.

## VI. RN Marquez

Plaintiff alleges RN Marquez is responsible for the medical care of all inmates. Plaintiff also concludes RN Marquez "delayed and/or denied plaintiff treatment." (Compl. ¶ 11.) However plaintiff does not allege any specific facts.

### A. Parties' Arguments

Defendants argue RN Marquez was not deliberately indifferent because she gave appropriate treatment, as reflected in plaintiff's exhibits. Furthermore, defendants argue plaintiff did not allege RN Marquez harmed him by her actions.

Plaintiff argues he was harmed by RN Marquez.

### B. Analysis

Again, in deciding a motion to dismiss for failure to state a claim, the court's review is limited to the contents of the complaint. Campanelli, 100 F.3d at 1479. In his complaint, plaintiff fails to

allege any specific acts or omissions by RN Marquez regarding his claim. The conclusory accusation she was deliberately indifferent is not enough. Plaintiff must allege specific facts to support the allegation. Because these specific facts are absent in the text of the complaint, the Court **GRANTS**, without prejudice, defendants' motion to dismiss as to RN Marquez.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss the claims against David Smith, M.X. McCurty, D. Koludrovic, and Marquez. Further, the Court **DENIES** defendants' motion to dismiss the claims against defendants M. Sheridan and Escalante.

Because the Court concludes allegations of other facts consistent with the Complaint could possibly cure the deficiencies, the Court **GRANTS** Plaintiff leave to amend his Complaint. Plaintiff may file an amended complaint addressing the deficiencies set forth above, no later than 21 days from the date this order is filed. If Plaintiff chooses to amend, he must reallege all claims against all defendants or they will be waived.

**IT IS SO ORDERED.**

DATED: November 12, 2008

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court